385 A.2d 526

**Ethel L. MATTHEWS, Appellee,**

**v.**

**James S. CUFF, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1977.

Decided April 13, 1978.

William John Chapas, Pittsburgh, with him Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, for appellant.

Michael Saltzburg and Richard K. Brandt, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

PER CURIAM:

This is an appeal from the verdict of a civil jury in the Court of Common Pleas of Allegheny County, Family Division, in a paternity matter determining the defendant-appellant, James S. Cuff, to be the father of a child born out of wedlock; and from the denial of post-trial motions seeking to arrest judgment.

On or about January 14, 1975, the appellee, Ethel L. Matthews, filed a complaint against the appellant, James S. Cuff, under the Pennsylvania Civil Procedural Support Law, 1953 July 13, P.L. 431, as amended; 62 P.S. § 2043.31, et seq., requesting support of a child born out of wedlock, Todd Cuff (Todd Cuff Matthews on the Birth Certificate). Upon a denial of paternity by the defendant, Judge Louis J. Sparvaro entered an order on January 31, 1975 directing the issue of paternity to be tried before a civil jury.

Defendant entered an order to dismiss but withdrew it at the request of Judge Brosky who ordered a continuance pending the appeal which had been filed with the Supreme Court in *McConnell v. Schmidt*, 234 Pa.Super. 400, 339 A.2d 578 (1975) and the filing of criminal charges against the defendant by the plaintiff.

Paragraphs 3 and 4 of the motion for continuance provided as follows:

"3. That defendant demands that the issue of paternity be decided in a criminal proceeding which must be commenced as proscribed by the Pennsylvania Rules of Criminal Procedure.

"4. That if defendant is held for court, he demands a trial by jury in the Criminal Division and the right to file the appropriate pre-trial motions in any proceeding commenced against him."

On or about June 9, 1975, criminal charges under Section 732 of the Penal Code of 1939, 18 P.S. § 4732, Neglect to Support a Bastard Child, which charges were dismissed on January 26, 1976, pursuant to Pa.R.Crim.P. Rule 1100; i. e. the failure of the Commonwealth to commence trial within 180 days of the complaint. The criminal proceedings were made a part of the record by the court below with the consent of both parties.

After the disposition of the criminal proceedings, the defendant filed an Amended Answer and New Matter, raising as an affirmative defense that the Family Division lacked jurisdiction over the subject matter. Over the objection of the defendant the case was heard in the Family Division by a jury picked from the Civil Division panel which found in favor of the plaintiff Ethel L. Matthews on the issue of paternity.

The defendant again raised the question of subject matter, jurisdiction and failure to have a criminal finding of paternity prior to the civil proceedings as required by the Pennsylvania Civil Procedural Support Law, supra, and moved for judgment n. o. v., to vacate the verdict and to dismiss the cause of action. His motion was denied by the court below by order dated September 16, 1976.

The defendant relies on his due process rights to be tried criminally and if such criminal proceedings are barred by reason of Rule 1100 or the Statute of Limitations he should still be discharged from all liability for support without being subjected to a jury trial by civil jurors under the "hybrid procedure" conducted below. It should be noted that Judge Brosky's charge to the civil jury contained the instruction that the verdict must be unanimous and beyond a reasonable doubt.

The defendant contends, however, that the trial by civil jurors was a denial of due process since the jurors deliberations were based upon judgment for or against the parties and not guilt or innocence which could have resulted in incarceration.

Judge Brosky, as indicated in his opinion, was much exercised by the fact that the plaintiff and her child born out of wedlock were denied a day in court when through no fault of her own the criminal case below was dismissed under Rule 1100. It is clearly an unfortunate situation but if more protection is required it is a legislative matter.

However, the law as propounded by the Supreme and Superior Courts has determined that the civil court has no jurisdiction of the subject matter of paternity where the defendant has asked for a jury trial.

In *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968), the Supreme Court said when discussing the amendment to 62 P.S. § 2043.32, supra, providing for support orders for children born out of wedlock:

".  .  . the amendment serves a very worthwhile purpose if it is interpreted as creating a judicial shortcut permitting the entry of a support order in the case of 'a child born out of lawful wedlock' without a prior criminal proceeding when paternity is not disputed." at page 862 (underscoring added).

In the instant case this "short cut" is not available since the defendant from the outset of this case has disputed paternity.

In *Commonwealth ex rel. Yentzer v. Carpenter*, 240 Pa. Super. 202, 362 A.2d 1101 (1976), this Court held that support of an illegitimate child could not be maintained in the absence of a prior criminal determination of paternity. This Court in a majority opinion written by Hoffman, J., held at page 1102:

"Pennsylvania precedents compels the conclusion that appellant be discharged for the simple reason that the court below did not have jurisdiction over the subject matter of the dispute."

In *Commonwealth v. Jacobs*, 220 Pa.Super. 31, 279 A.2d 251 (1971), this Court said:

". . . our Court addressed the situation of a putative father who did not desire a jury trial in a criminal proceeding. We held that Dillworth does not prohibit civil jurisdiction unless the putative father has demanded trial by jury: 'Dillworth emphasizes the defendant's right to such trial and the corollary proposition that this right may not be summarily refused even after the enactment of the 1963 amendment . . .' "

The court below has forced the defendant to be tried before a civil jury in a hybrid proceeding rejected by the Superior Court. See, *Commonwealth ex rel Kolodziejski v. Tancredi*, 222 Pa.Super. 436, 295 A.2d 174 (1972); *Commonwealth ex rel Kolodziejski v. Tancredi*, affirmed per curiam, 230 Pa.Super. 710, 326 A.2d 532 (1974), allocatur refused (January 15, 1975).

In *Yentzer*, supra, Judge Hoffman said in regard to the "hybrid proceeding":

"It has never been adopted by an appellate court of this Commonwealth, and was impliedly rejected by our decision in the second *Tancredi* case. No authority is cited for employment of such an irregular procedure." (Footnote excluded)

In *McConnell v. Schmidt*, supra, the majority of this Court held, in reversing the court below, that it was error for the issue of paternity to be determined in a jury trial in the civil division of the Court of Common Pleas where the Statute of Limitations on a criminal bastardy proceeding had expired. On allocatur the Supreme Court reversed on procedural grounds but did not reach the merits.

In the instant case the Statute of Limitations had expired but had not expired on the date of the order of September 16, 1976. The reasoning concerning the Statute of Limitations would also apply to the dismissal of criminal proceedings under Rule 1100.

In *Yentzer*, supra, at pages 1103 and 1104, the majority of this Court held:

"If it has not, the complainant has the option of asking the District Attorney to file a criminal complaint, or of filing a complaint under the Civil Procedural Support Law. The case law, however, provides that a criminal proceeding on the issue of paternity is mandatory absent an express waiver by the defendant. Thus, if the complainant proceeds civilly, and the father demands a jury trial and otherwise seeks to preserve the safeguards afforded by due process, the civil court is without jurisdiction to proceed . . .

"The instant case is merely *McConnell v. Schmidt*, without the difficulty of an interlocutory appeal. A majority of our Court held in that case that a hybrid proceeding should be designated by the legislature or Supreme Court rule, and not by decision of this Court alone. The same reasoning applies here."

The verdict is vacated and the cause of action dismissed.

PRICE, J., files a dissenting opinion.

WATKINS, former President Judge, and VAN der VOORT, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

The majority again would deny a child support simply because a criminal adjudication of paternity is barred, this time by an application of Pa.R.Crim.P. 1100. I dissent. Clearly this result, wherein a father could never legally be required to support his child, is contrary to the intention of the legislature as evidenced by the Civil Procedural Support Law of 1953, Act of July 13, 1953, P.L. 431, § 1 (62 P.S. § 2043.31) *et seq., as amended,* Act of Aug. 14, 1963, P.L. 872, § 1 (62 P.S. § 2043.32) *et seq. See* my concurring and dissenting opinion in *McConnell v. Schmidt,* 234 Pa.Super. 400 at 410, 339 A.2d 578 at 585; my dissenting opinion in *Commonwealth ex rel. Yentzer v. Carpenter,* 240 Pa.Super. 202 at 209, 362 A.2d 1101 at 1104.

Further, because the bar in the instant proceeding is Pa.R.Crim.P. 1100, rather than the Statute of Limitations, this child is barred by the inaction of forces over which the mother, and hence the child, have no control. This is not an instance where the prosecution was barred by the inaction of the mother.

The lower court, by Brosky, J., has complied in all particulars with the requirements of the law and has written an excellent opinion in support of its actions. I would affirm for the reasons previously stated and also on the basis of the lower court's opinion.