399 A.2d 744

**COMMONWEALTH of Pennsylvania ex rel. Louellen CZURYLA**

**v.**

**Dominic Joseph TOSCANO.**

**Appeal of COMMONWEALTH of Pennsylvania.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1978.

Decided March 9, 1979.

Stephen B. Harris, First Assistant District Attorney, Doylestown, for Commonwealth, appellant.

Robert M. Hammond, Warrington, and with him, Randolph A. Scott, Warrington, for appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from an Order granting defendant's motion to dismiss under Pa.R.Crim.P. 1100(f). Although proceedings were initiated under the Civil Procedural Support Act, 62 P.S. § 2043.32, for the support of the parties' illegitimate child, the defendant denied paternity and demanded a criminal jury trial thereon, as is his right under *Commonwealth v. Dillworth,* 431 Pa. 479, 246 A.2d 859 (1968). At this point, the civil action should have been dismissed so the Commonwealth could issue a criminal complaint for the non-support of an illegitimate child, 18 Pa.C. S.A. § 4323. *Matthews v. Cuff,* 254 Pa.Super. 65, 385 A.2d 526 (1978); *Commonwealth ex rel. Yentzer v. Carpenter,* 240 Pa.Super. 202, 362 A.2d 1101 (1976). Instead, the court set a trial date, and when more than 180 days had elapsed since the demand for a criminal jury trial, granted defendant's motion to dismiss. In its able opinion, the court below admitted that it should have never entertained the motion since the proceeding before it was civil, but should have simply dismissed the action.

The statute of limitations under Section 4323 ran in this matter on August 26, 1978. The opinion of the lower court revealing its error and stating the correct procedure was filed on April 11, 1978. Thus, if the Commonwealth had acted upon the lower court's opinion, there was ample time to file a criminal complaint within the statute. However, that action is now barred, through no fault of the mother or child. As we said in *Matthews v. Cuff,* 254 Pa.Super. 65, 69, 385 A.2d 526, 528 (1978), this "is clearly an unfortunate situation but if more protection is required it is a legislative matter."

Order vacated and the civil action dismissed.