406 A.2d 791

**COMMONWEALTH of Pennsylvania**

v.

**George REBOVICH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided June 22, 1979.

---

Francis P. Burns, Pittston, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Luzerne County, Criminal Division, by the defendant-appellant, George Rebovich, after conviction by a jury of neglect to support a bastard child as provided in 18 C.P.S.A. 4323(a). Post-trial motions were denied. This appeal followed.

At the trial the prosecutrix testified that she and the defendant had intercourse on two occasions in August of 1975. The defendant admitted having intercourse with her once but stated that he had used a contraceptive. He denied being the father of the child which was born nine months later. The defendant also introduced the testimony of various witnesses who knew the prosecutrix and testified that her reputation for truth and veracity was not great. The jury found the defendant guilty of the charge on December 3, 1976.

Appellant's first argument on appeal is that the statute making the neglect to support a bastard child a crime is unconstitutional because it violates Article 1, Section 28 of The Pennsylvania Constitution, the so-called Equal Rights Amendment. The Act is set forth at *18 C.P.S.A. 4323* and provides as follows:

"(a) * * *—A person* is guilty of a misdemeanor of the third degree if he, being a parent, willfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth. . .

(b) . . .

(c) . . .

(d) . . . ." (Emphasis—ours)

The Statute clearly makes it a crime for either parent of a child born out of wedlock to refuse to support such child and therefore applies equally to both men and women. Both have the duty to support such a child. *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). As such the Statute is not discriminatory in any way. The fact that the word *he* is used in defining the offense does not render the word *person* to mean only male persons as the defendant claims. The masculine here includes the feminine.[1] The Statute therefore is not violative of the Equal Rights Amendment of The Pennsylvania Constitution.

 Defendant's second argument is that a mistrial should have been declared when the prosecutor, in his closing arguments to the jury, stated that the child must be supported by someone. In *Commonwealth v. Shaffer*, 224 Pa.Super. 564, 307 A.2d 394 (1973) this Court reversed a conviction on charges of fornication and bastardry because the prosecutor, in his summation to the jury, argued that if the defendant did not have to support the bastard child then the taxpayers would have to assume that responsibility. The majority of the court held such a statement to be improper because it inflamed the economic prejudices of the jury. However, that case is distinguishable from the instant one because there the trial court refused to correct the prejudicial statement although it had been requested to do so. Here the court clearly instructed the jury that the Commonwealth had the burden of proving beyond a reasonable doubt that the defendant was the father of the child born out of wedlock and that he willfully refused or neglected to support the child. Furthermore, the defendant's objection to the statement was not made immediately at the time the remark was made but was made after the prosecutor had completed his closing. The general rule is that an

---

1. See *The Pennsylvania Statutory Construction Act, 46 P.S. 532* which provides that . . . "the singular words used in the masculine gender shall include the feminine and neuter . . ."

objection to the remarks of the opposing counsel made to the jury must be called to the attention of the trial court at the time the remarks are made and cannot be made after the opposing counsel is finished. *Commonwealth v. King,* 227 Pa.Super. 168, 323 A.2d 260 (1974).

In *Commonwealth v. Hughes,* 477 Pa. 189, 383 A.2d 882 (1978); *Commonwealth v. Gilman,* 470 Pa. 179, 368 A.2d 253 (1977); and *Commonwealth v. Loar,* 264 Pa.Super. 398, 399 A.2d 1110 (1979). It was held that a defendant does not waive his right to object to a prosecutor's prejudicial remarks made in his closing when he waited until the closing is completed to make such objection where the content of the remarks was paraphrased, where the Commonwealth does not dispute the accuracy of the paraphrase, and where the trial judge treated the objection as timely. In the instant case counsel paraphrased the prosecutor's remark and the Commonwealth did not dispute the paraphrase but defendant's counsel made no formal objection to the remark, did not move for a new trial, nor have the remark transcribed on the record. Counsel merely voiced a "suggestion" to the trial court and made no specific objection. Therefore, we hold that the general principle of waiver as set forth in *Commonwealth v. King, supra,* prevails since all of the elements of the exception as set forth in *Hughes, Gilman* and *Loar* were not met.

Because we find that the prosecutor's remarks were not so unduly prejudicial so as to deprive defendant of a fair trial, in light of the court's charge to the jury and because an objection to the remarks was not entered at the time they were made and no specific objection to the remarks was made thereafter, we hold that the remarks do not necessitate the granting of a new trial.

Defendant's third allegation of error is that the court below committed reversible error when it failed to grant a mistrial when the prosecutrix, on re-direct examination, began to refer to an apparent offer by the defendant to settle the case for $200.00. On cross-examination, defendant's attorney had asked the prosecutrix why she had initiat-

ed the charges against the defendant. Her ultimate answer on redirect examination was that she was instructed to do so by the welfare office. However, before that answer was given she stated that she initiated the action, "Because I got a letter from Mr. . . . Well, anyway, it came from Mr. Burns, saying a settlement for $200 . . ." At that point, Mr. Burns, the defendant's attorney, objected to the remark on the grounds that it was unresponsive to the question, the objection was sustained, and the court instructed the jury to disregard the remark. Every unwise or irrelevant remark made by a witness during a trial does not compel the granting of a mistrial. A mistrial is only mandated when the remark is so prejudicial that it deprived the defendant of a fair and impartial trial. *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973). In light of the incomplete nature of the answer, the court's sustaining of the defendant's objection to it, and the court's instruction to the jury that it should disregard the remark we hold that the remark did not mandate the granting of a mistrial and the court below did not abuse its discretion when it refused to enter one.

Defendant also alleges that the verdict was contrary to the law and the weight of the evidence. He points out that the prosecutrix had testified that she was a virgin prior to her affair with the defendant, but that she was not seen by a doctor after the incident, experienced no bleeding, and that various defense witnesses testified that she had admitted to having had sexual relations with others by stating that any one of three men might be the child's father. However, she did testify that she had had sexual relations with the defendant on two occasions and the defendant admitted having had sexual relations with her. A child was then born to the prosecutrix within the normal period of time after that sexual intercourse. Under the circumstances there existed sufficient facts for the jury to conclude that the defendant was the father of the child and that he had willfully neglected or refused to support that child. Where the evidence is conflicting the credibility of witnesses is solely for the jury and if its finding is supported

by the record, the trial court's denial of a motion for a new trial based upon insufficiency of the evidence will not be disturbed. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972). Because sufficient evidence to support the verdict was adduced at trial the jury's findings are dispositive of the issue and we will not disturb it.

■ The defendant's contention was that the court below erred when it failed to grant defendant's point for charge concerning the victim's character. The court instructed the jury that the credibility of the witnesses was entirely up to it, that the jury should consider the interests of the witnesses in the case, the reasonableness of their testimony, and the extent to which their testimony had been corroborated or contradicted by other evidence in the case. In dealing with defendant's point of charge concerning the victim's character the court instructed the jury to "weigh the character testimony in this case in accordance with the directions I have given you as to the credibility of the witnesses". These instructions were adequate and the court was not required to elaborate on the negative or positive testimony of any of the witnesses. *Commonwealth v. Reina*, 186 Pa.Super. 116, 140 A.2d 633 (1958). Therefore, the court committed no reversible error.

Judgment of sentence affirmed.