431 A.2d 1033

**Shirley JACKSON**

v.

**Nathaniel MOULTRIE, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed June 19, 1981.

William Goldstein, Philadelphia, for appellant.

Mary Colins, Philadelphia, for appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

This appeal is from the order of the lower court finding appellant, Nathaniel Moultrie, to be the father of appellee's child, Steve, born June 3, 1976. We reverse.

The facts of this case may be summarized as follows. Appellee filed a civil petition for support against Moultrie on August 17, 1977. Moultrie is totally disabled, and appellee averred in her petition that she only wished to establish her child's eligibility for social security benefits as Moultrie's offspring and that she was not seeking child support. Appellee thereafter filed a criminal complaint against Moultrie charging him with neglect to support a child born out of lawful wedlock.[1] Trial on the criminal complaint was scheduled to commence on July 17, 1978, but prior to trial, Moultrie applied for an order under Pa.R.Crim.P. 1100 to dismiss the charge for failure to bring him to trial within one hundred eighty days. The lower court granted Moultrie's application, and an order was entered on August 9, 1978 dismissing the charge. Thereafter, appellee reinstated her civil petition for support, and, following a hearing, the lower court entered the order dated December 29, 1978 finding Moultrie to be the father of appellee's child.

1. The offense is defined at 18 Pa.C.S.A. § 4323(a) as follows:
   A person is guilty of a misdemeanor of the third degree if he, being a parent, willfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth.

■ Before addressing the merits of this appeal, we note that appellee objects to the jurisdiction of our court. Appellee claims that the lower court's order was not final and appealable because Moultrie was not directed to pay support. As a general rule, a finding of paternity without an order to pay support is interlocutory. *Williams v. Williams*, 253 Pa.Super. 444, 385 A.2d 422 (1978). In ascertaining what is a final appealable order, however, we must look beyond the technical effect of the adjudication to its practical ramifications. *In the Interest of C. A. M.*, 264 Pa.Super. 300, 399 A.2d 786 (1979). A final order is generally one which terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). In the instant case, appellee did not seek support, and the order appealed from stipulated that "[b]y agreement of counsel, no support hearing is to be scheduled." Since the lower court's order finding paternity granted appellee all the relief she sought, we find that it disposed of the entire case and was final and appealable.

Appellant contends that the lower court's order dismissing the criminal charge should have barred any further civil proceedings on the issue of paternity. Appellee, on the other hand, argues that the recent amendment to "The Pennsylvania Civil Procedural Support Law," [2] [hereinafter C.P.S.L.], vests the civil division with jurisdiction. We conclude that the amendment has no application to the instant case.

On April 28, 1978, the General Assembly of the Commonwealth of Pennsylvania amended the C.P.S.L. by Act 1978–46 which took effect on June 27, 1978. The amended act abolishes criminal actions to determine paternity and provides that the issue of paternity is to be resolved in a civil proceeding brought within six years of the birth of the child. The amended act provides that it does not apply to prosecutions already commenced prior to the effective date of the new act. Section 3 of the new act states that:

**2.** Act of July 13, 1953, P.L. 431 § 5, 62 P.S. 2043.35 (1968), as amended 42 Pa.C.S.A. § 6704, Official Note (1980 Pamphlet).

(a) Section 4323 of the Title 18, act of November 25, 1978 (P.L. 707, No. 230), known as the Pennsylvania Consolidated Statutes is repealed, *except that prosecutions already commenced under that section on the effective date of this act shall not be affected by this repeal.* (Emphasis added)

■ Prior to the 1978 amendment to the C.P.S.L., the case law maintained that the civil court was without jurisdiction to proceed once a criminal action to determine paternity was commenced. *See Commonwealth ex rel. Yentzer v. Carpenter*, 240 Pa.Super. 202, 362 A.2d 1101 (1976). The case law also held that even where the criminal action was dismissed on procedural grounds, the civil court with without jurisdiction to thereafter determine paternity. *Matthews v. Cuff*, 254 Pa.Super. 65, 385 A.2d 526 (1978); *Commonwealth ex rel. Czuryla v. Toscano*, 264 Pa.Super. 216, 399 A.2d 744 (1979). Since the criminal action in the instant case was commenced prior to the effective date of the amendment to the C.P.S.L., we conclude that the prior case law is applicable and that the civil court was without jurisdiction to determine paternity.

The verdict is vacated and the cause of action dismissed.