443 A.2d 831

**Debra K. WILLIAMS, Appellant,**

v.

**Alan R. WOLFE.**

Superior Court of Pennsylvania.

Argued June 25, 1981.

Filed March 26, 1982.

Petition for Allowance of Appeal Denied August 30, 1982.

Samuel E. Teeter, Assistant District Attorney, Gettysburg, for appellant.

John R. White, Gettysburg, for appellee.

Before CERCONE, President Judge, and SPAETH, HESTER, WICKERSHAM, BROSKY, JOHNSON, POPOVICH, DiSALLE and SHERTZ, JJ.

JOHNSON, Judge:

This appeal concerns whether a civil action for support of a non-marital child is barred by the running of a two-year criminal statute of limitations when paternity is denied. This case was ordered argued along with *Commonwealth ex rel. Johnson v. King*, 297 Pa.Super. 431, 444 A.2d 108 (Pa.Super.Ct.) because of the similarity of issues.

Appellant filed a complaint for support of her illegitimate child born September 17, 1973, pursuant to 42 Pa.C.S.A. § 6701 *et seq.*, alleging Appellee to be the putative father. The Complaint was filed April 4, 1979 in Franklin County and transferred to Adams County pursuant to the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C.

S.A. § 6741 *et seq.* Her Complaint alleged, *inter alia*, that Appellee had acknowledged paternity in writing and had contributed to the child's support as late as September 23, 1974.

Appellee filed an Answer and New Matter on April 27, 1979, denying paternity and raising the two-year statute of limitations as an affirmative defense to the action. The said statute of limitations, 18 Pa.C.S.A. § 4323(b), required:

§ 4323. *Neglect to support bastard*

.     .     .     .     .     .

(b) Limitation of action.—All prosecutions under this section must be brought within two years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case a prosecution may be brought at any time within two years of any such contribution or acknowledgment by the reputed father.[1]

The lower court then granted Appellee's Motion for Judgment on the Pleadings, relying on its earlier decision in a similar case, *Dettrey v. Keckler*, 10 D & C3d 610, 20 Adams L.J. 194 (1979).

Since we here determine that the repeal of the criminal statute of limitations never extinguished the civil right to support, the order granting judgment on the pleadings is reversed and the case will be remanded.

Appellant argues that the new six-year statute of limitations found in the provisions of 42 Pa.C.S.A. § 6704(e) should have been applied to her Complaint. Appellee argues that the two-year statute of limitations for criminal paternity actions had run on or about September 23, 1976 at the latest, and therefore, Appellant's action is forever barred because Appellee has disputed paternity.

The developments in the law concerning paternity and support of illegitimates must first be scrutinized in order to grasp the complexities involved in the instant appeal.

1. Repealed, April 28, 1978, P.L. 106, No. 46, § 3, eff. June 27, 1978.

The 1953 enactment of the Civil Procedural Support Law [2] dealt only with legitimate children, until its amendment in 1963:

§ 2043.32 *Definitions*

.    .    .    .    .

"Duty of Support" includes any duty of support imposed or imposable by law or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, *prosecution for failure to support a child born out of lawful wedlock*, or otherwise.[3]

Prior to that point in time, paternity was determined by the institution of a criminal action, either for fornication and bastardy, 18 P.S. § 4506, or willful neglect to support a child born out of lawful wedlock, 18 P.S. § 4732.

However, our Supreme Court in *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968) determined that the amendment of the Civil Procedural Support Law was not intended to, and could not, eliminate a defendant's right to a criminal jury trial when paternity was at issue. Therefore, when paternity was contested, a criminal proceeding was an ancillary condition precedent to the right to recover support under the Civil Support Law, *supra*. *Accord, Commonwealth ex rel. Yentzer v. Carpenter*, 240 Pa.Super.Ct. 202, 362 A.2d 1101 (1976).

*Commonwealth v. Jacobs*, 220 Pa.Super.Ct. 31, 279 A.2d 251 (1971) then held that where a defendant chooses a *civil* determination of paternity, he will be deemed to have waived his right to a jury trial, and both the paternity and support actions could be decided as a civil matter.

Therefore, a complainant was required to institute criminal charges within the criminal statute of limitations period of two years,[4] if paternity was in dispute, prior to the

2. Act of July 13, 1953, P.L. 431, No. 95, § 1, 62 P.S. § 2043.31 *et seq.*

3. *Id.*, amended August 14, 1963, P.L. 872, No. 420, § 1, 62 P.S. § 2043.32 (emphasis added).

4. 18 Pa.C.S.A. § 4323(b), *supra*.

institution of a civil suit for support. And, if the criminal limitations period had run, a civil action could not be maintained, absent a waiver of the right to a criminal trial or admission of paternity, and complainant could be *without recourse. See Commonwealth ex rel. Kolodziejski v. Tancredi*, 222 Pa.Super.Ct. 436, 295 A.2d 174 (1972); *Commonwealth ex rel. Yentzer v. Carpenter, supra.*

In *Matthews v. Cuff*, 254 Pa.Super.Ct. 65, 385 A.2d 526 (1978), we held that a criminal charge of neglect to support a bastard child, dismissed for failure to comply with Pa.R. Crim.P., Rule 1100, barred the court from proceeding with a *civil* paternity proceeding because that civil court had no subject matter jurisdiction over the paternity action where the defendant requested a criminal jury trial. *See also Commonwealth ex rel. Czuryla v. Toscano*, 264 Pa.Super.Ct. 216, 399 A.2d 744 (1979).

In order to correct this development and simplify the procedures in paternity and support cases, 62 P.S. § 2043.31 *et seq.* was amended effective June 27, 1978, to allow a six-year statute of limitations for civil support proceedings[5] and to repeal the criminal statutes relating to paternity.[6] The Judiciary Act Repealer Act (JARA) then repealed the civil support law[7] and reenacted it in substantially the same form in the Judicial Code, 42 Pa.C.S.A. § 6701 *et seq.*[8] *See also*, 1 Pa.C.S.A. §§ 1952, 1953;[9] JARA § 41.[10]

5. Act of April 28, 1978, P.L. 106, No. 46, § 2, eff. June 27, 1978.

6. *Id.*, § 3(a).

7. Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1291], eff. June 27, 1978.

8. *Id.*, § 10(88).

9. Act of 1972, Dec. 6, P.L. 1339, No. 290, § 3, imd. effective.
   1 Pa.C.S.A. § 1952 states:
   § 1952. *Effect of separate amendments on code provisions enacted by same General Assembly*
   Whenever any existing statute, incorporated into and repealed by a code, is also amended by other legislation enacted at the same General Assembly, such separate amendment shall be construed to be in force, notwithstanding the repeal by the code of the statute such other legislation amends, and such amendment shall be construed to prevail over the corresponding provisions of the code.

The amended and reenacted sections pertinent to the instant appeal state:

§ 6704.   *Commencement of Actions.*

.        .        .        .        .

(e) All actions commenced under this section shall be brought within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be brought at any time within two years of any such contribution or acknowledgment by the reputed father.

(f) An action commenced under this act shall be a civil action in accordance with the Rules of Civil Procedure. Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil action and there shall be no right to a

1 Pa.C.S.A. § 1953 states:
§ 1953. *Construction of amendatory statutes*
Whenever a section or part of a statute is amended, the amendment shall be construed as merging into the original statute, become a part thereof, and replace the part amended, and the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time; but the portions of the statute which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective.

10. Section 41 of the Judiciary Act Repealer Act provides: "The provisions of 1 Pa.C.S. § 1952 (relating to effect of separate amendments on code provisions enacted by same General Assembly) and 1 Pa.C.S. § 1974 (relating to effect of separate repeals on code provisions by same General Assembly) shall not be applicable to any act of the 1975–1976 General Assembly insofar as relates to Title 42 of the Pennsylvania Consolidated Statutes. The provisions of 1 Pa.C.S. § 1952 and 1 Pa.C.S. § 1974 shall apply to all acts of the 1977–78 General Assembly (except Act Nos. 1977–41 and 1977–50) insofar as relates to Title 42 of the Pennsylvania Consolidated Statutes or any other provision of law codified by this act."

criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence.[11]

Furthermore, the repeal of the criminal statutes included a statement that prosecutions already commenced under 18 Pa.C.S.A. § 4323 as of the effective date of the repeal, June 27, 1978, shall not be affected by the repeal.[12] It is clear then, that the Legislature intended the criminal statute to continue to be applicable only if a prosecution had been commenced prior to its repeal on June 27, 1978. This leads to the conclusion that as of June 27, 1978, the requirement of a criminal determination of paternity for actions involving disputed paternity was eliminated, even if the cause of action arose prior to that date, if no criminal prosecution was pending.

In the case now before us, the criminal statute of limitations had run prior to Appellant's commencement of suit. However, because suit was instituted after the repeal of the criminal statute, Appellant argues that her claim is not barred, since she did file suit within the new six-year statute of limitations.

Appellee argues that the running of the criminal statute of limitations prior to its repeal extinguished any and all right to institute a civil action for support. His argument is based on a statutory analysis of the provisions of the Statutory Construction Act of 1972 and JARA, the basis of which is described *supra* in the development of the law in this opinion. His conclusion, however, is that § 25(b) of the Judiciary Act of 1976[13] which states "[n]o cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act" is controlling, and bars Appellant's suit.

Appellee would argue that when the time prescribed in a statute of limitations expires, the right to recover is defeat-

11. This section has since been amended by the Act of 1980, October 5, P.L. 693, No. 142, § 207(a), eff. in 60 days.

12. *Id.*, footnote 1.

13. Act of July 9, 1976, P.L. 586, No. 142, § 25(b), imd. effective.

ed, and when a right is thus completely extinguished, it cannot be reinstated or revived by a change in the limitations law. *Overmiller v. D. E. Horn & Co., Inc.*, 191 Pa.Super.Ct. 562, 159 A.2d 245 (1960). We cannot agree.

To the extent that a criminal prosecution as per 18 Pa.C. S.A. § 4323 is desired, the above statement of the law is applicable. However, merely because the Commonwealth's right to prosecute Appellee criminally has been barred, it does not follow that Appellant's civil action is barred.

It is settled law that the obligation to give parental support, prior to the enactment of 42 Pa.C.S.A. § 6701 *et seq.*, survived, and was concurrent to, the former two year statutory period, despite the fact that in cases of disputed paternity, the criminal conviction was a necessary prerequisite. *See Commonwealth v. Jacobs, supra* (dictum). This is evident in a situation where a putative father admits paternity or waives the criminal prosecution. In such a situation, the civil support action was available at *any* time after the birth of the child. Therefore, the enactment of the new civil paternity and support statute merely provides a new and independent procedure for the enforcement of an existing and continuing right.[14]

Nor is this analysis analogous to applying the new statute of limitations retroactively. As stated in 1 Pa.C.S.A. § 1926 [15]: "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." The court states in *Creighton v. City of Pittsburgh*, 389 Pa. 569, 575–76, 132 A.2d 867, 871 (1957), *quoting Burger Unemployment Compensation Case*, 168 Pa.Super.Ct. 89, 94, 77 A.2d 737, 739 (1951):

> "Where, as here, no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred

---

14. For an excellent analysis of the development of the law in this area, *see* Judge Kaplan's opinion in *Broadie v. Hall*, 15 D&C 3d 182, 128 P.L.J. 309 (Allegh. Co. 1980).

15. Act of Dec. 6, 1972, P.L. 1339, No. 290, § 3, imd. effective.

prior to that date. 'A statute is not retrospective . . . because a part of the requisites for its action is drawn from a time antecedent to its passing': Endlich, Interpretation of Statutes, § 280. 'However, a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation': 50 Am.Jur.Statutes, § 476. See also 59 C.J., Statutes, § 690."

See also, Hargreaves v. Mid-Valley Sch. Dist., 40 Pa. Cmwlth.Ct. 110 n. 2, 396 A.2d 894 n. 2 (1979).

Also, because the claim for support monies refers back only to the date of the filing of the complaint, it cannot be said that the statute would be retroactive as to the duty of support prior to the effective date of the new act, at the earliest. See 42 Pa.C.S.A. § 6706(a).

Our Legislature has made it plain that their intention in amending and repealing the provisions discussed herein was to abolish the requirement of proving *criminal* responsibility in an action for the support of an illegitimate child when paternity is denied.

As set forth in Agostin v. Pittsburgh Steel Foundry Corp., 354 Pa. 543, 549, 47 A.2d 680, 683 (1946):

"No one has a vested right in a statute of limitations or other procedural matters. The legislature may at any time alter, amend or repeal such provisions without offending constitutional restraints. So long as there is no omission of a remedy for the enforcement of a right for which a remedy existed when the right accrued, a want of due process is in no way involved." (citations omitted).

Therefore, Appellee has no vested right to not be named as the putative father in a support action. See Timms v. Potts, 127 P.L.J. 145 (Allegh. Co. 1979) (putative father not deprived of right to due process).

In summary, we hold that the repeal of the criminal statute of limitations never extinguished the civil right to support, but only the ancillary criminal enforcement remedy. We also hold that an action commenced after the effective

date of 42 Pa.C.S.A. § 6701 *et seq.*, is not barred by the running of 18 Pa.C.S.A. § 4323(b), repealed in 1978.

We are well aware of the cases in our lower courts that have reached a contrary result,[16] but find that the reasoning found in the cases which support our determination [17] to be of greater merit.

The Order dated September 12, 1979 is reversed and the case remanded for further proceedings consistent with this opinion.

BROSKY, J., files a concurring opinion.

POPOVICH, J., files a concurring statement.

WICKERSHAM, J., files a dissenting opinion.

DiSALLE and SHERTZ, JJ., did not participate in the decision of this case.

BROSKY, Judge, concurring:

I concur in the result reached by the majority, namely, that the repeal of the criminal statute of limitations never extinguished the civil right to support, but only the ancillary criminal enforcement remedy. However, I feel it is necessary to add a comment concerning the effect of the statute of limitations upon an illegitimate child's right to collect support.

As the majority notes in its chronology of the law, a mother of a child born out of wedlock was required to institute criminal charges within two years of the birth of

---

**16.** *See* e.g., *Weaver v. Smith*, 13 D&C 3d 108 (Columbia Co. 1979); *Swavely v. Dick*, 12 D&C 3d 497 (Cambria Co. 1979); *Commonwealth ex rel. Stidfole v. Lullo*, 10 D&C 3d 623 (Clinton Co. 1979); *Dettrey v. Keckler*, 10 D&C 3d 610, 20 Adams Co. L.J. 194 (1979); *Gould v. Clayton*, 38 Beav. Co. L.J. 193 (1980); *Weyand v. Sharpless*, 38 Beav. Co. L.J. 17 (1979).

**17.** *See*, e.g., *Frey v. Kindt*, 16 D&C 3d 260 (Leh. Co. 1980); *Broadie v. Hall*, 15 D&C 3d 182, 128 P.L.J. 309 (1980); *Commonwealth ex rel. Williams v. Wright*, 14 D&C 3d 75 (Berks Co. 1980); *Commonwealth ex rel. Cassarella v. Mason*, 13 D&C 3d 713 (Luz. Co. 1979); *Commonwealth ex rel. Ebron v. Lee*, 13 D&C 3d 719 (Del. Co. 1979); *Timms v. Potts*, 127 P.L.J. 145 (1978).

the child, if paternity was in dispute, prior to the institution of a civil suit for support. Therefore, if a mother failed to bring such criminal charges, or if the Commonwealth on the mother's behalf was not vigorous in prosecuting such cases, the child's right to receive support could be foreclosed. However, no such limitation was placed upon a legitimate child, who could bring an action for support until the age of eighteen.

There can be no doubt that both the mother and father of a child born out of wedlock have the duty to support such child. *Commonwealth v. Rebovich*, 267 Pa.Super. 254, 406 A.2d 791 (1979). To subject a child born out of wedlock to a limitation period, however reasonable, is to limit that child's unqualified right to receive support from his father. As other jurisdictions have found, such limitation upon an illegitimate child's right to receive support violates the Equal Protection clause of the United States Constitution. See: *State of Florida, Department of Health and Rehabilitative Services v. West*, 378 So.2d 1220 (Fla.1979); *State of Montana, Department of Revenue, Department of Social Rehabilitative Services v. Wilson*, ·634 P.2d 172 (Mont.1981); *Stringer v. Dudoich*, 92 N.M. 98, 583 P.2d 462 (1978); *County of Lenoir ex rel. Cogdell v. Johnson*, 46 N.C.App. 182, 264 S.E.2d 816 (1980). As the court stated in *Cogdell*, supra, "Those jurisdictions which have invalidated such statutes [of limitations] on Equal Protection grounds have generally held that they constitute an overly broad restriction on the rights of illegitimates which in fact does result in an impenetrable barrier to support actions." Id. at 187, 264 S.E.2d at 820. In *Stringer*, supra, the court held that "if there is no limitation on the right of a legitimate child to seek support from his parent, then there can be no limitation on the same right for an illegitimate child." Id. 92 N.M. at 100, 482 P.2d at 464.

By Act of April 28, 1978, P.L. 106, No. 46, § 2, eff. June 27, 1978, 62 P.S. § 2043.31 was amended to provide for a new, civil means of securing enforcement of an illegitimate child's right to receive support. However, a six-year limita-

tion period was placed upon the institution of such causes of action, whereas no comparable time limit was established with respect to causes of action brought by legitimate children. This matter, however, is for the attention of the Legislature.

These comments notwithstanding, I agree with the majority's position that, in the case at bar, appellant's civil action for support, brought within six years of the birth of her child, was not barred. Accordingly, I concur.

POPOVICH, Judge, concurring:

I concur in the result; however, I am of the view that no statute of limitations can constitutionally preclude a child from asserting paternity during his minority.

WICKERSHAM, Judge, dissenting:

I respectfully dissent. Appellant's cause of action for support is fully barred by the criminal statute of limitations [1] and cannot be revived now.

The majority opinion concludes that a cause of action for civil support lies even though criminal prosecution of the putative father is barred by the running of the statute of limitations. This result is reached by labeling the criminal prosecution merely "ancillary" to the mother's right to seek support in a civil suit.

This position is untenable, as analysis of the precedents shows.

In *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968) our Supreme Court decided that the Civil Procedural

---

1. At 18 Pa.C.S.A. § 4323(b) the statute provided:

> (b) Limitation of action.—All prosecutions under this section must be brought within two years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case a prosecution may be brought at any time within two years of any such contribution or acknowledgement by the reputed father.

The statute was repealed by Act of April 28, 1978, P.L. 106, No. 46, § 3, eff. June 27, 1978.

Support Law, as amended, could not discard a putative father's right to a jury trial in the determination of paternity.

The Civil Procedural Support Law as originally enacted [2] did not provide for the support of illegitimate children. In 1963, however, the statute was amended to include an action for support of illegitimate children.[3] Prior to the adoption of this amendment, an order for support of an illegitimate child could only be entered after a determination of paternity had been established by criminal proceedings under the Penal Code of June 24, 1939. This determination could be made either in a prosecution for fornication and bastardy under § 506 of the Code, 18 P.S. § 4506, or in a prosecution for willful neglect to support a child born out of lawful wedlock under § 732 of the Code, 18 P.S. § 4732.

---

[2] Act of July 13, 1953, P.L. 431 § 2, 62 P.S. §§ 2043.31–2043.44.

[3] Act of August 14, 1963, P.L. 872, 62 P.S. §§ 2043.32, 2043.35. To the definition of 'Duty to Support' was added 'prosecution for fai[l]ure to support a child born out of lawful wedlock,' so that the definition now reads as set forth in footnote 1. Likewise, § 5 of the original act (62 P.S. § 2043.35), setting forth the procedure for filing a complaint, was amended by adding to subparagraph (3) the following: 'if married, or if unmarried, the date and place of birth of each child born out of lawful wedlock.'

*Id.*, 431 Pa. at 483, 246 A.2d at 861.

As this court said in *Commonwealth ex rel. Yentzer v. Carpenter*, 240 Pa.Super.202, 362 A.2d 1101 (1976).

Further support for the proposition that the putative father cannot be deprived of a criminal trial on the issue of paternity absent an admission or express waiver is our Court's negative response to the question of whether a civil action could be maintained when the statute of limitations for a criminal action had expired. In *Commonwealth ex rel. Kolodziejski v. Tancredi*, 222 Pa.Super. 436, 295 A.2d 174 (1972), the complainant filed under the Civil Procedural Support Law. A hearing was held at which the defendant denied paternity, and the lower court ordered that appellant be held for court on criminal charges, but proceedings were delayed until the Supreme Court-

decided *Commonwealth v. Dillworth,* supra. Subsequently, the defendant petitioned to have all criminal proceedings against him dismissed on the ground that the statute of limitations had expired. We held that a complaint filed pursuant to the Civil Procedural Support Law did not toll the statute of limitations on bastardy charges, and, therefore, dismissed the criminal charges. After our decision, the complainant again filed suit under the Civil Procedural Support Law. The defendant denied paternity and demanded that he be tried in a criminal procedure by a jury. Thereupon, the lower court dismissed the complaint. On appeal, we affirmed without opinion. *Commonwealth ex rel. v. Kolodziejski v. Tancredi,* 230 Pa.Super. 710, 326 A.2d 532 (1974), allocatur refused January 15, 1975. Thus, it is reasonable to state that a civil action cannot be maintained absent a waiver or admission if the criminal statute of limitations has expired.

*Id.,* 240 Pa.Super. at 207, 362 A.2d at 1103.

Under the teaching of *Dillworth, Yentzer* and *Kolodziejski* the criminal proceeding simply cannot be characterized as "ancillary" to a civil support proceeding. If the reputed father contested the issue of paternity a criminal determination was an absolute prerequisite to any civil support case. Here, Debra Williams bore a child on September 17, 1973. Wolfe, the putative father, allegedly last contributed to the child's support on September 23, 1974. Within two years of that date Debra Williams could have brought a criminal action to determine the paternity of her child. After September 23, 1976 she was barred from seeking support for the child unless Wolfe waived a criminal trial or admitted paternity.

Williams now argues that the repeal of the criminal statute of limitations and the reenactment of the civil support law in the Judicial Code at 42 Pa.C.S. § 6701 *et seq.,* gave her a new cause of action and a new six year statute of limitations.[2] She filed this action within the six year limita-

---

2. The Judiciary Act Repealer Act (JARA) repealed the civil support law. Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1291] eff. June

284

tion period. The superficial appeal of Williams' contention is negated by section 25(b) of the Judiciary Act of 1976[3] which provides

> No cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act.

Accordingly I dissent.

27, 1978.  Section 10 of JARA reenacted the support law in the Judicial Code at 42 Pa.C.S.A. § 6701 et seq.  The new statute of limitations may be found at 42 Pa.C.S.A. § 6704(e).

**3.**  Judiciary Act of 1976, July 9, 1976, P.L. 586, No. 142, eff. immediately.