445 A.2d 1298

**COMMONWEALTH of Pennsylvania ex rel. Donna M. SHELLITO**

v.

**Virgil M. ANDERSON.**

**Appeal of Donna M. SHELLITO.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed May 21, 1982.

Petition for Allowance of Appeal Denied Nov. 5, 1982.

Kenneth Thiess, Meadville, for appellant.

Donald A. Fickenscher, Meadville, for appellee.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

PER CURIAM:

This appeal is taken from an order dismissing appellant's paternity action. Appellant commenced the action on August 13, 1979, by filing a civil paternity complaint against appellee as the initial step in securing support for a daughter born to her out of wedlock on July 2, 1975. At a hearing held on September 4, 1979, appellee denied paternity and refused to acknowledge any responsibility for the support of the child. Appellant filed a motion requesting that the parties be ordered to submit to blood tests and appellee responded by filing a motion to dismiss the action as untimely filed. The lower court granted appellee's motion to dismiss and appellant filed an appeal to this court.

The issue raised on appeal is whether this civil action for support of a non-marital child is barred by the running of the two-year criminal statute of limitations in effect at the time appellant's child was born.[1] That limitation applied to actions in which paternity was denied. The two year criminal statute of limitations was repealed effective June 28, 1978. All paternity actions must now be brought as civil actions pursuant to 42 Pa.C.S.A. § 6701 et seq. The new law provides that civil support actions filed after June 27, 1978 may, with limited exceptions, be brought up to six years after the birth of the child.

Appellee argues that appellant's right to file a paternity and support action in this case expired on July 2, 1977, two years after the birth of the child and nearly a year prior to the new legislation providing a six-year statute of limita-

1.   18 Pa.C.S.A. § 4323.

tions. He contends that her action cannot be resurrected by the subsequent enactment of a longer period of limitations for civil support actions. Appellant, on the other hand, argues that the six-year statute of limitations, effective June 28, 1978, applies to this action commenced August 13, 1979, notwithstanding her failure to institute criminal proceedings within two years of the birth of her daughter.

The precise issue raised in this appeal was addressed by a panel of this court sitting en banc in the recently filed opinion in *Williams v. Wolfe*, 297 Pa.Super. 270, 443 A.2d 831 (1982).[2] We held there that repeal of the criminal statute of limitations had no effect on the civil right to support and that any action commenced after June 27, 1978 was therefore governed by a six-year statute of limitations regardless of the running of the now repealed two-year criminal statute of limitations. Our holding in *Williams* controls the disposition of the instant appeal. Since appellant commenced this action within six years of her daughter's birth, the action is not barred.

The order of the lower court dismissing the action is reversed and the case is remanded for further proceedings. We do not retain jurisdiction.

---

**2.** We deferred our decision in this case until the opinion in *Williams* had been filed.