452 A.2d 801

**Stephanie Jo JENNIS, on Behalf of herself and behalf of Lauren JENNIS, her natural daughter, Appellants,**

v.

**Alan STILLMAN.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied March 21, 1983.

Mark B. Dischell, Lansdale, for appellants.

Francis Recchuiti, Norristown, for appellee.

Before WICKERSHAM, BROSKY and ROBERTS, JJ.*

BROSKY, Judge:

On October 9, 1974, Stephanie Jo Jennis gave birth to a daughter, Lauren Jennis, out of wedlock. A criminal prosecution in support/paternity against appellee, the putative father, was brought on or about April 20, 1977, more than two years after Lauren's birth. The criminal action was subsequently "nolle-prossed" by the district attorney. On March 7, 1979, appellant filed a civil complaint for support pursuant to the Civil Procedural Support Act, as amended.[1] Appellee therafter filed preliminary objections to the complaint on the ground that the statute of limitations barred appellant's action. On May 9, 1979, the court below sustained appellee's preliminary objections, holding that because the amended civil statute[2] under which appellant's complaint was brought, became effective after the prior criminal statute[3] had run, allowance of appellant's civil action would involve a retroactive application of the civil statute, forbidden by the Statutory Construction Act of 1972.[4] Accordingly, the court held that appellant's com-

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania is sitting by designation.

1. Act of April 28, 1978, P.L. 106, No. 46, § 2, eff. June 27, 1978.

2. See footnote 1, supra.

3. 18 C.P.S.A. § 4323(b).

4. 1 Pa.C.S.A. § 1926.

plaint was barred by the prior criminal statute of limitations.

Appellant argues that the intent of the Legislature in establishing 62 P.S. § 2043.31 *et seq.* was to provide for a new, independent means of securing support for children born out of wedlock. Since her child was born within six years of the filing of her civil complaint, appellant contends that her action is timely and not barred. We agree and therefore reverse the order of the court below.

In *Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982), allocatur denied August 27, 1982, and *Commonwealth ex rel. Johnson v. King,* 297 Pa.Super. 431, 444 A.2d 108 (1982), we held that the enactment of the new civil support statute[5] provided a new and independent procedure for the enforcement of an existing and continuing right to receive support, and that this right was not extinguished by the repeal of the criminal statute of limitations in 1978. Such analysis, we held, is not "[a]nalogous to applying the new statute of limitations retroactively." *Williams v. Wolfe,* supra, 297 Pa.Super. at 277, 443 A.2d at 835.

> Where, as here, no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date. "A statute is not retrospective ... because a part of the requisites for its action is drawn from a time antecedent to its passing": Endlich, Interpretation of Statutes, § 280. "However, a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation": 50 Am.Jur.Statutes, § 476. See also 59 C.J., Statutes, 690.

Id., 297 Pa.Superior Ct. at 277, 443 A.2d at 835, quoting *Creighan v. City of Pittsburgh,* 389 Pa. 569, 575–76, 132 A.2d 867, 871 (1957).

5. 42 Pa.C.S.A. § 6701 *et seq.*

Also, as in *Williams,* appellant is seeking support only for the period of time forward from the date of the filing of her complaint, March 7, 1979, and therefore "[i]t cannot be said that the statute would be retroactive as to the duty of support prior to the effective date of the new act . . . ." *Williams v. Wolfe,* supra 297 Pa.Super. at 277, 443 A.2d at 835.

In the case at bar, a criminal prosecution was commenced subsequent to the child's second birthday, but was concluded via the nolle prosequi which was prior to the effective date of the repeal of the prior criminal statute of limitations on June 27, 1978.

As we held in *Williams v. Wolfe,* supra, "[t]he repeal of the criminal statute of limitations never extinguished the civil right to support, but only the ancillary criminal enforcement *remedy.*" Id., 297 Pa.Superior Ct. at 278, 443 A.2d at 835.

Accordingly, we hold that appellant's civil action for support is not barred, and we reverse the lower court's May 9, 1979 order and remand the case for further proceedings consistent with this opinion.