86

452 A.2d 1050

**Virginia BERNHART, Appellant**

v.

**Michael KOVACH.**

Superior Court of Pennsylvania.

Argued Nov. 5, 1981.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied Feb. 10, 1983.

Joseph L. Foley, Abington, for appellant.

James A. Cunningham, Gilbertsville, for appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

BROSKY, Judge:

This paternity action was commenced by appellant and dismissed by the court below following the filing of preliminary objections by appellee. The central question for our determination is whether the lower court erred in applying a two-year, rather than a six-year, statute of limitations. Finding that it did, we reverse and remand.

The relevant facts are as follows. A "paternity and support" complaint was filed by Virginia Bernhart in which she alleged that appellee Michael Kovach is the father of her daughter, Sara Bernhart, who was born on October 26, 1976. The lower court concluded that until January, 1977, appellee contributed $600 to the support of the child, although he denied that she was his.[1] The complaint was filed on May 17, 1979.

The applicable statute of limitations is found at 42 Pa.C. S.A. § 6704(e)[2] which provides:

(c) Limitation of actions—All actions to establish the paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgment by the reputed father.

1. The complaint did not allege that such support payments had been made; in fact, it averred that no support had been given. Our review of the record fails to disclose the source of the admission of payment by appellee, but for purposes of this appeal, we will assume that the payments were made.

2. Act of April 28, 1978, P.L. 202, No. 53 § 10(88); § 6704 is entitled "Commencement of Support Actions."

The lower court found that the voluntary payment in January, 1977 marked the beginning of a two-year statute of limitations, even though the action was brought within six years of the birth of the child. Appellee argues that the two-year statute of limitations comes into play when support payments are made, even if the effect is to shorten the six-year statute of limitations.

Although we have found no cases addressing this issue, we have been guided in our review of this case by this court's decision in *Williams v. Wolfe*, 297 Pa.Super. 270, 443 A.2d 831 (1982) (allocatur denied August 27, 1982). In that case, we held that the enactment of the new civil support statute provided a new and independent procedure for the enforcement of an existing and continuing right to receive support, and that this right was not extinguished by the repeal of the criminal statute of limitations in 1978. Most important to our decision in the present appeal, however, is the factual history of the *Williams* case.

The child for whom support was sought in *Williams* was born on September 17, 1973. The last contribution toward support was made on September 23, 1974. The complaint for support was filed on September 27, 1979, clearly more than two years after the last support payment was made.

The six-year statute of limitations was applied. The *Williams* opinion contains, however, no discussion of the issue before us. While we do believe that *Williams* could be read as an implied rejection of appellee's argument, we are reluctant to base our decision on a case in which the court was not presented with the issue before us. We need not, however, rest our decision on such grounds, because we conclude that even if appellee were correct in arguing that the payments of support shortens the statute of limitations (and we do not believe it does),[3] he has not made the type of payments that qualify as support.

**3.** We note parenthetically that the amendment to the Civil Procedural Support Law which provides the six-year statute of limitations, increased the number of years in which such actions could be brought on behalf of children born out of wedlock. To find that the

In our recent decision in *Hummel v. Smith,* 301 Pa.Super. 276, 447 A.2d 965 (1982), we said that a mother seeking to show that payments by a putative father amounted to support must produce evidence that shows that the payments were made in circumstances from which it may reasonably be inferred that in making them, the father was recognizing the child as his own. While the *Hummel* case was one in which the mother sought to extend the statute of limitations by proof of support payments, its holding unarguably controls the situation before us. The two-year statute of limitations provision contained in § 6704(e) applies only in the event that the father has made payments under circumstances from which it may reasonably be inferred that in making them, is recognizing the child as his own.

We will not permit appellee who has never wavered in his position that Sara is not his daughter, to invoke the protection of this statute of limitations.[4]

amendment increasing the rights of children born out of wedlock did not extend to those whose fathers acknowledge paternity would be an illogical conclusion. Statute of limitations exist, inter alia, because of evidentiary problems. The U.S. Supreme Court noted in its recent decision in *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982):

> Paternal support suits on behalf of illegitimate children contain an element that such suits for legitimate children do not contain: proof of paternity. Such proof is often sketchy and strongly contested, frequently turning upon conflicting testimony from only two witnesses.... Therefore, in support suits by illegitimate children more than in support suits by legitimate children, the State has an interest in preventing the prosecution of stale or fraudulent claims, and may impose greater restrictions on the former than it imposes on the latter.

It seems clear that the evidentiary problems are fewer in cases in which there has been an acknowledgment of paternity. We will not impute to the General Assembly the intention to impose a shorter statute of limitations in cases which pose fewer problems of proof.

4. We note that we need not and have not held that there are no circumstances in which payments from a putative father who denies paternity will be deemed to have been support payments. We leave other cases to be decided upon their own facts. We add that we have not discussed the constitutionality issue raised by appellant because she raises it for the first time before us. This issue has been

Appellee urges us to affirm the decision of the lower court, if not on statute of limitation grounds, then because of defects in the service and filing of the complaint. He first made those arguments in preliminary objections which he filed as an amended responsive pleading by leave of court. Because the lower court dismissed the action on statute of limitations grounds, it did not address the procedural claims.

On remand, appellee can present the remaining preliminary objections to the lower court, which is in a better position than are we to assess their validity. This is especially so because the record is unclear as to certain of the arguments made by appellee. For example, although it does appear that this civil complaint was filed in the clerk of courts office (as if it were a criminal proceeding), it was nonetheless treated as a civil case by the lower court.

Order reversed and remanded for proceedings consistent with this opinion.

POPOVICH, J., files concurring statement.

POPOVICH, Judge, concurring:

Consistent with my position set forth in *Williams v. Wolfe,* 297 Pa.Super. 270, 281, 443 A.2d 831, 837 (1982) (POPOVICH, J., Concurring Statement), I concur in the result reached in the instant case.

waived. See: *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975).