## Miller v. Rice

*H. Gervase Fajt,* for plaintiff.
*James R. Gaut,* for defendant.

BLAHOVEC, *J.,* June 28, 1988 — This matter comes before the court concerning a claim for support for the minor child David L. Miller, born October 14, 1974. A prior complaint was filed under section 4323 of the Pennsylvania Crimes Code which was dismissed by the district justice at a preliminary hearing on November 6, 1974. No civil procedural action was taken until February 19, 1988 when the present support complaint was filed.

Defendant comes before the court claiming first that the present action is barred by the six-year statute of limitations set forth in 42 Pa. C.S. §6704(b); and, in the alternative, that the present action is barred because the decision of the district justice in dismissing the criminal complaint was a decision on the merits that should be given collateral estoppel effect.

Defendant's first contention must fail because of the recent decision of the U.S. Supreme Court in *Clark v. Jeter* decided unanimously on June 6, 1988. The high court determined that Pennsylvania's six-year statute of limitations violated the Equal Protection Clause. Clearly the law in the United States is now in accord with the federal Child Support Enforcement Amendments of 1984

which requires all states participating in the federal child support program to have procedures to establish the paternity of any child who is less than 18 years old. Anything less, to use the words of Justice Sandra Day O'Connor, writing for the court in *Clark,* "does not withstand heightened scrutiny under the Equal Protection Clause."

Likewise, defendant's second argument must fail. In *Williams v. Wolfe,* 297 Pa. Super. 270, 443 A.2d 831 (1982), the Superior Court held that enactment of the new civil support statute provided a new and independent procedure for the enforcement of an existing and continuing right to receive support, and the right was not extinguished by the repeal of the criminal statute of limitations in 1978. Counsel for defendant concedes that point by arguing the six-year civil, rather than the two-year criminal statute of limitations.

Because the civil support law, 42 Pa. C.S. §6701 et. seq. created a new and independent procedure apart from the criminal remedy, this court concludes that the dismissal of the criminal action by a district justice in 1974 is no bar whatsoever to proceeding with an action filed under the 18-year statute of limitations which has just been confirmed as the supreme law of the land.

Accordingly, the following order is entered:

## ORDER OF COURT

And now, June 28, 1988, after hearing, it is hereby ordered and decreed that defendant's request to dismiss the support complaint filed herein is denied. The case is remanded to Domestic Relations to reschedule this matter for a hearing before a hearing officer for entry of an appropriate support order.