WATTS ET AL. *v.* SEWARD SCHOOL BOARD ET AL.

No. 923.  Decided May 3, 1965.

*George Kaufmann* for petitioners.

*George N. Hayes* for respondent Seward School Board.

PER CURIAM.

Petitioners Watts and Blue were dismissed from their positions as schoolteachers in Seward, Alaska, on grounds of "immorality," which under Alaska Statutes 1962, § 14.20.170 was defined as "conduct of the person tending to bring the individual concerned or the teaching profession into public disgrace or disrespect."  Petitioners' dismissals were upheld by the Alaska Superior Court (Third Judicial District), and on appeal the Alaska Supreme Court affirmed the Superior Court's decision.  395 P. 2d 372.  The Alaska Supreme Court noted that "[t]he immoral conduct complained of as to the appellant Watts was his holding of private conversations with various teachers in which he solicited their support in an attempt to oust the school superintendent from his job.  The allegedly immoral conduct of the appellant Blue was his making of a speech to a labor union at Seward in which he stated, 'We have been unable to get rid of the [school]

Superintendent, so we are going to get rid of the Board,' or words to that effect." 395 P. 2d, at 374. The Alaska Supreme Court held that this conduct "had a tendency to bring the [petitioners] . . . and the teaching profession into public disgrace or disrespect," within the terms of the statute, 395 P. 2d, at 375, and it therefore sustained their dismissals. Petitioners contend that their dismissals for engaging in the conduct here described unconstitutionally infringe their rights to political expression guaranteed by the First and Fourteenth Amendments to the United States Constitution.

We need not consider petitioners' contentions at this time, for since their petition for certiorari was filed Alaska has amended its statutes in this area. House Bill 27, adopted by the Alaska Legislature and signed by the Governor on March 31, 1965, now defines "immorality" as grounds for revocation of a teaching certificate, as "the commission of an act which, under the laws of the state, constitutes a crime involving moral turpitude." Moreover, Alaska Statutes, Tit. 14, c. 20, have been amended by the addition of a new section which reads:

"Sec. 14.20.095. Right to Comment and Criticize Not to be Restricted. No rule or regulation of the commissioner of education, a local school board, or local school administrator may restrict or modify the right of a teacher to engage in comment and criticism outside school hours, relative to school administrators, members of the governing body of any school or school district, any other public official, or any school employee, to the same extent that any private individual may exercise the right."

This Court has held that supervening changes in state law that may be relevant to the disposition of a case may require that the cause be remanded for appropriate action by the state court. See, e. g., *Missouri ex rel. Wabash R.*

*Co.* v. *Public Service Comm'n,* 273 U. S. 126, 131. Cf. *Trunkline Gas Co.* v. *Hardin County,* 375 U. S. 8. Accordingly, it is appropriate to allow the Alaska court to consider the effect of the new Alaska statutes upon this case. To that end, the petition for certiorari is granted, the judgment of the Supreme Court of Alaska is vacated, and this case is remanded to that court for such further consideration as may be deemed appropriate by that court under Alaska law.

*Vacated and remanded.*