Robert Hargreaves *v.* Mid-Valley School District *v.* County of Lackawanna. Mid-Valley School District, Appellant.

Argued September 29, 1978, before Judges Men-
cer, Rogers and Craig, sitting as a panel of three.

*John P. Pesota*, for appellant.

*Thomas M. Hart*, for appellee.

Opinion by Judge Craig, January 24, 1979:

Mid-Valley School District (school district) has ap-
pealed from a decision of the Lackawanna County
Court of Common Pleas ordering that it pay to ap-
pellee Robert Hargreaves, an elected tax collector
within its district, commissions on certain returns for
delinquent taxes which were subsequently collected by
the Lackawanna County Tax Claims Bureau (the Bu-
reau).

Before January of 1973, local tax collectors with-
in Lackawanna County, including appellee Har-
greaves, made returns of delinquent taxes to the
County Commissioners under the Act of May 29, 1931,

P.L. 280, *as amended*, 72 P.S. §5971a et seq. (Act of 1931).

The County Commissioners in January of 1973 established a new tax collection system by a resolution adopting the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.101 et seq. (Tax Sale Law).

The new system established by the Tax Sale Law provides for the creation of a Tax Claims Bureau to take over delinquent-tax collection duties from the County Commissioners and the County Treasurer. However, the duties of tax collectors do not differ significantly from those under the Act of 1931, except that, under Section 306 of the Tax Sale Law, 72 P.S. §5860.306, the collectors now make delinquency returns to the Tax Claims Bureau, and their initial returns must include all delinquencies from prior years which have not yet been reduced to a judgment.

No section of the Tax Sale Law provides for any commission to be paid to tax collectors on delinquent taxes, but Section 6 of the Act of 1931, 72 P.S. §5971f, provided that:

> After such return of taxes shall have been made in accordance with the provisions hereof, responsibility of the tax collector or receiver of taxes for the collection of the taxes so returned shall cease. . . . On any unpaid taxes returned to the county commissioners, the tax collector or receiver of taxes shall be entitled to receive a commission of two per centum (2%) from the taxing district for which such tax is returned when the tax is paid by the county treasurer to the proper taxing district. . . .

The issue here is whether or not Hargreaves is entitled to 2% commission on taxes which the Bureau collected after July of 1973 under the Tax Sale Law, on returns Hargreaves made before July of 1973 under

the Act of 1931, and, if so, whether payment of such commissions must come from county funds or from the appellant school district out of the tax money paid to it by the Bureau.

The school district contends that because the Tax Sale Law includes no provision for commissions and because the Bureau made all the collections involved here under that Law, Hargreaves' entitlement to commissions on delinquent tax collections ceased with the abolition of the old collection system. This argument rejects the possibility of entitlement accruing by reason of a vested right, with actual receipt to follow later.

All the returns in question here were made under the Act of 1931, which—as quoted above—unambiguously vested in the collector a right to commissions for making proper returns of unpaid taxes. Under it, his duties were at an end when he made those returns.

Although actual *receipt* of commissions was not due until the corresponding taxes had been collected, Hargreaves' right to the commissions accrued and vested when he made the returns in question here. Although subject to the contingency of actual collection, his entitlement to commissions is entirely severable and distinct from whatever statutory provisions govern the mechanics of collection.

To deny him those commissions would be tantamount to giving the Tax Sale Law retroactive effect contrary to the strong presumption against such statutory interpretation, as codified in the Statutory Construction Act of 1972, 1 Pa. C.S. §1926.

Moreover, Article III, Section 27 of the Commonwealth's Constitution provides that:

> No law shall extend the term of public office, or increase or diminish his salary or emoluments, after his election or appointment.

Were we to agree with appellant's contention as to the effect of the county's subsequent adoption of the Tax Sale Law it would raise an acute problem of the constitutionality of our interpretation of that law.[1] The legislature is presumed not to intend an unconstitutional result. 1 Pa. C.S. §1922(3).

Having determined that Hargreaves is entitled to the commissions, we must now consider which political subdivision, the taxing district or the county, is liable for their payment.

The school district contends that if Hargreaves is entitled to his commissions, the county must be liable because otherwise the school district will be paying commissions under the Act of 1931 while simultaneously paying a new, higher commission to the Bureau under the Tax Sale Law. The lower court nevertheless held the school district liable.

Although we do not agree with the school district that such a result is necessarily absurd, we believe that the plain language of the Tax Sale Law supports the school district's view.

Although Hargreaves' entitlement to these commissions arose as a completed transaction under the Act of 1931 when the returns were made, in addressing the issue of who must pay these commissions, we do not look to the provisions of the Act of 1931, which expressly provided that the taxing district pay the 2%. Instead, we must look to the statutory provisions in effect when the collections were made because the actual payment of these commissions are part of, and dependent upon, the collection process as governed by the Tax Sale Law of 1947, a self-con-

---

[1] The cases cited by appellant, *Hadley's Case*, 336 Pa. 100, 6 A.2d 874 (1939) and *McKinley v. Luzerne Township School District*, 383 Pa. 289, 118 A.2d 137 (1955) do not appear to alleviate the constitutional difficulty.

tained statute. *See Montgomery Tax Claims Bureau Appeal*, 204 Pa. Superior Ct. 409, 205 A.2d 104 (1964).[2]

Sections 205, 206 and 207 of The Tax Sale Law, 72 P.S. §5860.205, 5860.206 and 5860.207, deal generally with receipt of money by the Bureau and with costs, fees and expenses of administering that system of collecting delinquent taxes.

Section 206 of the Tax Sale Law provides for only two kinds of payouts (absolute and recoverable) from only one coffer (the county's):

The county shall be liable, or initially liable for all costs, fees and expenses which shall be required to be paid to administer the affairs of the bureau and of this act, including but not limited to [an extensive list follows]. . . .

All such costs, fees and expenses shall be paid as other expenses of the county are paid from appropriations made by the county, and not otherwise, and when any of such costs, fees and expenses are recovered they shall be deposited in the treasury of the county for the use of the county.

Although this provision does not specifically mention any kind of commission payments, it nevertheless

---

[2] Unlike the issue of Hargreaves' entitlement to these commissions, the question of who is the proper payor does not implicate a vested right. And where a vested right or a contractual obligation is not involved, "an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date. . . ." *Creighan v. City of Pittsburgh*, 389 Pa. 569, 575, 132 A.2d 867, 871 (1957).

Thus, because there is no problem of retroactivity involved on this issue and because Section 801 of the Tax Sale Law, 72 P.S. §5860.801, expressly repeals the Act of 1931, 72 P.S. §5971a *et seq.*, as applied to any taxing district coming within the operation of the Tax Sale Law, the terms of the newly adopted law properly govern the payor issue.

explicitly says that the county is liable, at least initially, for "all" the costs, fees and expenses necessary to administer the affairs of the Bureau and the delinquent tax collection system.

The only remaining question then is whether these commissions can be construed to be within the class of expenses for which the county is initially liable but can subsequently recover.

The only exception to the general rule of county liability, to allow the county to recover from a taxing district any cost initially paid by the county, is the provision dealing with the purchase of property by the County Commissioners.[3] Other than that exception, the Tax Sale Law makes no provision for recovery by the county as against a taxing district.

The statute authorizes only one other type of recoverable expenditure, certain costs which the Bureau may tack on to the redemption price or upset price of the properties themselves. The commissions due in this case are not those kind of costs, initially advanced by the county, but retainable by it upon ultimate recovery from a redeemer or tax sale purchaser.[4]

Hence, because no statutory provision presently exists to place these commission costs elsewhere, their expense necessarily falls under Section 206's catch-all section, establishing non-reimbursable and non-recoverable county liability.

This conclusion is reasonable because Sections 205 and 207(a) of the Tax Sale Law permit the county

---

[3] Section 612.1 of the Tax Sale Law, added by Section 2 of the Act of May 20, 1949, P.L. 1579, *as amended*, 72 P.S. §5860.612-1.

[4] Sections 308(d), 501(a), 602 and 605 of the Tax Sale Law, 72 P.S. §§5860.308(d), 5860.501(a), 5860.602 and 5860.605, specifically include only "record" costs, "notice" costs and "costs of sale" within this class of expenses and Section 207(b), 72 P.S. §5860.207(b), contains a list of maximum charges allowable for specified clerical services performed by Bureau employees.

to deduct 5% of the recovered tax money, for the benefit of the county treasury, from payments to the taxing district. The effect of our imposition of the 2% charge upon the county is to leave the county treasury with a net of 3% of this limited category of tax recovery, with the school district bearing its full current 5% charge.

Therefore, under Section 206 of the Tax Sale Law these commissions should be paid out "as other expenses of the county are paid" in addition to the taxes recovered and paid to the school district by the Bureau.

## ORDER

AND Now, this 24th day of January, 1979, the decision of the Court of Common Pleas of Lackawanna County at No. 435 September Term, 1977 is affirmed insofar as it sustains plaintiff's motion for summary judgment and reversed insofar as it sustains the motion of the additional defendant, and the case is remanded to enter judgment for the plaintiff and against the additional defendant in the amount of $1,-977.14.