452 A.2d 863

**Linda HATFIELD, Appellant,**

v.

**Sheldon HAZELBAKER.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1981.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Denied March 4, 1983.

Steve P. Leskinen, Uniontown, for appellant.

Franklin Bialon, Monessen, for appellee.

Before SPAETH, HESTER and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Fayette County, and involves appellant-mother's appeal of an Order of court dated November 14, 1980 which dismissed her petition seeking support for a minor child born out of wedlock on the grounds that the statute of limitations barred such an action.

The child was born out of wedlock on April 24, 1975. The defendant-appellee had never voluntarily contributed to the support of the child and had not acknowledged his paternity in writing. On July 24, 1980, the appellant filed her action against the defendant seeking support of the child. On November 14, 1980, the court below held that the governing statute of limitations was the *Act of December 6, 1972, P.L. 1482, No. 334, Section 1, 18 Pa.C.S.A. 4323* which provided for a two year statute of limitations for the maintaining of support actions against a reputed father of a child born out of wedlock. The two year period began to run at the birth of the child or, if the defendant had voluntarily supported the child or acknowledged his paternity in writing, then the two year period began to run at the time of the contribution or the written acknowledgement. See *18 Pa.C.S.A. 4323(b)*.

In 1978 our Legislature increased the applicable statute of limitations from two years to six years from the date of birth of the child. *Act of April 28, 1978, P.L. 106, No. 46, Section 2, 42 Pa.C.S.A. 6704(e)*. Thus, if the old statute of limitations were to be applied to the instant case the appellant's cause of action was barred because the statute would have run on April 24, 1977, more than one year prior to the filing of the instant action on July 24, 1980. However, if the new Act is applicable to the instant case then the statute would not have run until April 24, 1981 and appellant's support action was timely. The court below reasoned that the old Act applied to this case because to hold otherwise would be to hold that the 1978 Act breathed new life into a cause of action that had been dead for more than a year

prior to its adoption. While that reasoning is plausible and has been adopted by several of our lower courts we must hold that it is incorrect since our Court's decisions in *Williams v. Wolfe,* 297 Pa. Superior Ct. 270, 443 A.2d 831 [1982] and *Commonwealth ex rel. Lucretia Johnson v. King,* 297 Pa. Superior Ct. 431, 444 A.2d 108 [1982], wherein this Court held, in effect, that the new Act was to be applied retroactively, although couching its reasoning in slightly different terms. Thus, we hold that the appellant's action is not controlled by the 1972 Act but is controlled by the 1978 Act and is, the refore, not barred by the statute of limitations.

Order reversed; the case is remanded for proceedings consistent with this opinion.

SPAETH, J., files a concurring statement.

SPAETH, Judge, concurring:

I agree that the order must be reversed, and only refrain from joining the majority opinion because of its implied disapproval of *Williams v. Wolfe,* 297 Pa. Superior Ct. 270, 443 A.2d 831 (1982), and *Commonwealth ex rel. Johnson v. King,* 297 Pa. Superior Ct. 431, 444 A.2d 108 (1982).