458 A.2d 607

**COMMONWEALTH of Pennsylvania ex rel. Madeline PUGH, Appellant,**

**v.**

**Donald CALLAHAN, Jr.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1983.

Filed April 8, 1983.

Helen T. Kane, Assistant District Attorney, Media, for Commonwealth, appellant.

Hans Edward Solum, Jr., Havertown, for appellee.

Before BROSKY, CIRILLO and MONTEMURO, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Delaware County, dated December 4, 1981, dismissing the appellant's Petition for Support.

On March 24, 1981 the appellant, Madeline Pugh, filed a petition pursuant to 42 Pa.C.S.A. § 6701, *et seq.*, seeking support for her minor child, Christopher Erslinger, from the appellee, Donald Callahan, Jr. The appellant alleged that the appellee was the father of Christopher who was born on March 1, 1977. The appellee denied paternity in an appearance before the Delaware County Domestic Relations Office on June 8, 1981. He likewise denied paternity before the Delaware County Court of Common Pleas on July 2, 1981. After declining to submit to a blood test, the appellee demanded a jury trial and was subsequently granted leave to file preliminary objections. On July 16, 1981 he filed a preliminary objection in the form of a demurrer, contending that the action was barred by the applicable statute of

limitations. After argument before the Honorable Louis A. Bloom, the appellee's preliminary objection was sustained and the appellant's petition for support was dismissed upon a finding that the action was barred by the statute of limitations. This appeal followed.

The issue before this Court is whether the petition for support, filed on March 24, 1981, is governed by the six year statute of limitations contained in 42 Pa.C.S.A. § 6704(e),[1] and is therefore timely, or whether the two year limitation period prescribed by 18 Pa.C.S.A. § 4323(b) (repealed)[2] bars the petition which was filed some four years and two months after the birth of the child.

The Civil Procedural Support Law, amended in 1963,[3] imposed a duty to support illegitimate children. However, the Supreme Court in *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968) determined that this amendment did not eliminate a defendant's right to a criminal jury trial when paternity was at issue. Consequently, disputed paternity issues could be resolved by means of a criminal action for willful neglect to support a child born out of wedlock, or for fornication and bastardy, under the Penal Code of June 24, 1939, P.L. 872, 18 P.S. § 4104 *et seq.* The Civil Procedural Support Law was amended, effective June 27, 1978 to

1. Section 6704(e) provides as follows:
 Limitation of actions.—All actions to establish the paternity of a child born out of wedlock brought under this section; must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgment by the reputed father.

2. Section 4323(b) (repealed) provides as follows:
 Limitation of action.—All prosecutions under this section must be brought within two years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child, or shall have acknowledged in writing his paternity, in which case a prosecution may be brought at any time within two years of any such contribution or acknowledgment by the reputed father.

3. *As amended,* by the Act of August 14, 1963, P.L. 872, No. 420, § 1, 62 P.S. § 2043.31 *et seq.*

allow a six year statute of limitations for civil support proceedings and to repeal the criminal statutes relating to paternity. The Judiciary Act Repealer Act (JARA) then repealed the civil support law and reenacted it in substantially the same form in the Judicial Code.[4]

The trial court determined that the amended limitation period could not be applied retroactively and thus the statute of limitations was two years in this instance and the action should have been commenced by February 28, 1979. We do not agree. In the case of *Williams v. Wolfe*, 297 Pa.Super. 270, 443 A.2d 831 (1982), the petitioner filed a complaint on April 4, 1979 for support of her illegitimate child born September 17, 1973, pursuant to 42 Pa.C.S.A. § 6701 *et seq.* The respondent denied paternity and raised the two year statute of limitations as a defense. The court concluded:

> In summary, we hold that the repeal of the criminal statute of limitations never extinguished the civil right to support, but only the ancillary criminal enforcement remedy. We also hold that an action commenced after the effective date of 42 Pa.C.S.A. § 6701 *et seq.*, is not barred by the running of 18 Pa.C.S.A. § 4323(b), repealed in 1978.

297 Pa.Super. at 278–79, 443 A.2d at 835.

 By repealing the criminal procedure for the determination of paternity and support, the Legislature has indicated its intention to relegate support proceedings exclusively to the civil jurisdiction of the courts. The two year limitation period contained in the now repealed criminal proceeding has no bearing on the present matter. The support petition was filed after the effective date of the amendment providing for a six year limitation period and prior to the expiration of the appellant's cause of action. Although the child was born when the two year limitation period was in effect, it is the time when proceedings are initiated that determines which law is controlling. *See:*

4. Act of April 28, 1978, P.L. 202, No. 53, § 10(88), 42 Pa.C.S.A. § 6701 *et seq.*

*Williams v. Wolfe, supra; also: Commonwealth ex rel. Cassarella v. Mason,* 13 Pa.D. & C.3d 713 (1979).

Hence, we find that the appellant had until February 28, 1983 to commence this present action.[5] The Order dated December 4, 1981 is reversed and the case remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

Reversed and Remanded.

**5.** This holding is not analogous to applying the new statute of limitations retroactively. Our courts have consistently held that where a vested right or a contractual obligation is not involved, "a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." *Creighan v. City of Pittsburgh,* 389 Pa. 569, 575, 132 A.2d 867, 871 (1957); *see also: Hargreaves v. Mid-Valley School District,* 40 Pa.Cmwlth. 110, 396 A.2d 894 (1979). The appellee has no vested right to not be named the putative father in a support action; nor does one have a vested right in a statute of limitation or other procedural matters. *Williams v. Wolfe,* 297 Pa.Super. at 278, 443 A.2d at 835.