483 A.2d 892

**Barbara PAULUSSEN, Appellant,**

v.

**George Ronald HERION.**

Superior Court of Pennsylvania.

Argued July 24, 1984.

Filed Oct. 26, 1984.

Petition for Allowance of Appeal Denied April 21, 1985.

Rosalie Davies, Narberth, for appellant.

Francis M. Visco, Philadelphia, for appellee.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Bucks County in which the motion for summary judgment of the appellee George Ronald Herion was granted and that of the appellant Barbara Paulussen was denied. On March 5, 1980 the appellant filed a petition for support on behalf of her minor child, Georgeanne Veronica Paulussen, born March 5, 1972. The petition set forth that the appellee as the natural father had failed to support the child from April, 1975 to the present. The appellee filed an answer and new matter, denying paternity and admitting the fact that financial support had ceased in April, 1975. After consideration of the briefs filed by both parties, the court granted the appellee's motion for summary judgment. Shortly thereafter, a petition for reconsideration and vacation of the order was filed and subsequently dismissed. This appeal followed.

On appeal, the appellant challenges the constitutionality of 42 Pa.C.S. § 6704(e), now 6704(b), which imposes a limitation period on actions to establish paternity, as violative of equal protection, of the prohibition against special laws, and of the Equal Rights Amendment. Further, the appellant asserts that since the appellee has openly acknowledged his paternity by contributing support, by failing to contest the presence of his name on the birth certificate, and by admitting paternity in a stipulation, he is thereby estopped from raising the statute of limitations. We find no merit in the appellant's position and affirm the order of the court.

■■■ In response to the appellant's challenge to the constitutionality of the statute of limitations requiring that actions to establish paternity of a child born out of wedlock be commenced within six years of the birth of the child, 42 Pa.C.S. § 6704(e), we rely upon *Astemborski v. Susmarski*, 502 Pa. 409, 466 A.2d 1018 (1983):

To be sustained on equal protection grounds, therefore, a statute of limitations governing assertion of paternity claims must satisfy two related requirements. First, the period during which claims may be asserted "must be sufficiently long in duration to present a reasonable op-

portunity for those with an interest in such children to assert claims on their behalf." *Mills [v. Habluetzel],* 456 U.S. [91] at 99, 102 S.Ct. [1549] at 1555, 71 L.Ed.2d [770] at 778 (1982). Second, the time limitation imposed "must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims." *Id.* Examining this Commonwealth's six year statute of limitations in light of these requirements, we find no denial of equal protection.

502 Pa. at 416, 466 A.2d at 1021. Although this statute results in imposing a greater impediment to the illegitimate child's claim for support, it is substantially related to a legitimate state interest in preventing the litigation of stale or fraudulent claims. *Astemborski v. Susmarski, supra; Pickett v. Brown,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982). Accordingly, appellant's challenge to the constitutionality of the statute fails.

Appellant next contends that the appellee is estopped from raising the statute of limitations defense in light of his past contributions to the support of the child, his failure to contest birth records, and his stipulation as to paternity. We disagree.

■ The operative language of the statute, 42 Pa.C.S. § 6704(e), now 42 Pa.C.S. 6704(b), provides:

Limitation of actions.—All actions to establish the paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgment by the reputed father.

The facts of the instant matter establish that the action was neither commenced within six years of the birth of the child nor within two years of the cessation of the voluntary financial contribution by the reputed father. Both parties

set forth the fact that no support was received since April, 1975.

■ Further, the appellee denies paternity and, although the appellant offers a stipulation as written acknowledgment, the document was not signed or admitted into evidence, and will not be considered on appellate review. *See Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974). Additionally such information must be excluded as a privileged part of the negotiations between counsel. *Smith v. Leflore,* 293 Pa.Super. 149, 437 A.2d 1250 (1980). Appellant's claim that the appellee has not contested the birth records is not raised or supported in the record, and therefore fails as well.

Accordingly we find that the instant action is clearly barred by the statute of limitations.

Order affirmed.