## PAULUSSEN v. HERION

No. 85–88.  Argued March 5, 1986—Decided March 25, 1986

*Esther L. Hornik* argued the cause for appellant.  With her on the brief were *Angela L. Martinez* and *Donald J. Martin.*

*Joseph N. Onek* argued the cause for appellee.  On the brief was *Neil H. Stein.**

*Briefs of *amici curiae* urging reversal were filed for the Children's Defense Fund et al. by *Constance Jean Chatwood, Jane Howard-Martin, Marian Wright Edelman, James D. Weill,* and *Judith L. Lichtman;* and for the Neighborhood Legal Services Association by *Daniel L. Haller* and *Eileen D. Yacknin.*

PER CURIAM.

On February 17, 1980, appellant Barbara Paulussen filed a paternity and child support petition in a Bucks County, Pennsylvania, court on behalf of her daughter, who was then seven years old. The petition alleged that the daughter had been born out of wedlock, that appellee George Herion was her natural father, and that he had ceased making contributions to her support in April 1975. Appellee offered as a defense the time bar of the Pennsylvania statute of limitations, which at the time required that paternity actions be commenced within six years of the child's birth or within two years of the putative father's last voluntary support contribution or written acknowledgment of paternity. 42 Pa. Cons. Stat. Ann., § 6704(e) (Purdon 1982) (repealed). The defense was sustained against appellant's contention that the statute violated the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution. The Superior Court affirmed, 334 Pa. Super. 585, 483 A. 2d 892 (1985), and the Supreme Court of Pennsylvania denied discretionary review. Appellant sought appeal in this Court, and, on October 15, 1985, we noted probable jurisdiction. 474 U. S. 899 (1985).

On October 30, 1985, Pennsylvania enacted 1985 Pa. Laws, Act No. 66, to be codified as 23 Pa. Cons. Stat. Ann. § 4343(b), which provides that a child born out of wedlock may commence a paternity action at any time within 18 years of birth. Appellee now concedes that he is subject to § 4343(b) and that, upon a showing of paternity, he would be liable for child support payments from the date paternity was established. Brief for Appellee 5. He contends, however, that, even on such a showing, he would not be liable for payments dating back to the date the initial petition was filed in 1980.

Our examination of Pennsylvania law leaves us uncertain as to the legal consequences of the enactment of the new 18-year statute of limitations. If, however, Pennsylvania were

to interpret § 4343(b) to require support payments dating back to the filing of the original petition, the constitutionality of the 6-year statute of limitations would be irrelevant. Because Pennsylvania should have an opportunity in the first instance to resolve this issue of state law, and because we are reluctant to address a federal constitutional question until it is clearly necessary to do so, we vacate the judgment below and remand for further consideration in light of the intervening change in state law.

*It is so ordered.*