519 A.2d 473

**Barbara PAULUSSEN, Appellant,**

v.

**George Ronald HERION, Appellee.**

Superior Court of Pennsylvania.

Argued June 30, 1986.

Filed Dec. 30, 1986.

Esther L. Hornik, Philadelphia, for appellant.

Michael S. Ramage, Philadelphia, for appellee.

Before CIRILLO, President Judge, and WICKERSHAM, BROSKY, McEWEN, OLSZEWSKI, MONTEMURO, BECK, KELLY and JOHNSON, JJ.

MONTEMURO, Judge:

This appeal is before us on remand from the United States Supreme Court, *Paulussen v. Herion*, 475 U.S. 557, 106 S.Ct. 1339, 89 L.Ed.2d 521 (1986).

The underlying cause of action is a petition in paternity and child support filed by appellant on February 17, 1980, on behalf of her daughter, born out of wedlock on March 5, 1972. The petition designated appellee, George Ronald Herion, as the father of the child, and as a voluntary contributor to her support until April, 1975, at which point

appellee's assistance ceased. In his Answer and New Matter, appellee raised as a defense the six year statute of limitations for such actions prescribed by 42 Pa.C.S.A. § 6704(e),[1] and moved for summary judgment. Appellant countered with an allegation as to the unconstitutionality of the statute on grounds of equal protection.

The lower court entered summary judgment in favor of appellee, finding that appellant's claim was in fact untimely, and that the constitutionality of § 6704(e) had been upheld by the Pennsylvania Supreme Court decision in *Astemborski v. Susmarski*, 502 Pa. 409, 466 A.2d 1018 (1983), thus invalidating appellant's equal protection thesis. This court affirmed. Appellant's allocatur petition to our Supreme Court was denied, and further appeal was brought in the United States Supreme Court, which noted probable jurisdiction, *Paulussen v. Herion*, 474 U.S. ——, 106 S.Ct. 224, 88 L.Ed.2d 223 (1985). Before a ruling was made, however, the statute of limitations for filing paternity actions was enlarged by the Pennsylvania legislature to eighteen years, effective as of January 28, 1986. 23 Pa.C.S.A. § 4343(b).[2] In February, 1986, on the basis of that statute, appellant filed a second petition for support and paternity which is still pending. During the interim, the Supreme Court remanded to this court for a determination of the new statute's effect upon the old, that is, "the legal consequences of the enactment of the new 18 year statute of limitations." *Paulussen v. Herion*, 475 U.S. 557, 106 S.Ct. 1339, 89 L.Ed.2d 521 (1986).

1. 42 Pa.C.S.A. § 6704(e)

Limitation of actions.—All actions to establish the paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgment by the reputed father.

2. 23 Pa.C.S.A. § 4343(b)

Limitation of actions.—An action or proceeding under this chapter to establish the paternity of a child born out of wedlock must be commenced within 18 years of the date of birth of the child.

Appellant seems to suggest that we have before us the task of choosing between alternatives: either we declare § 6704(e) unconstitutional, or we find § 4343 retroactive. In this, appellant misapprehends the nature of the case. We need not rule upon the constitutional validity of the six year statute because our Supreme Court has already adjudged it sound. We may not, as appellant suggests, "take notice of the anticipated ruling of the United States Supreme Court," (Appellant's brief at 24) for to do so is tantamount to overruling *Astemborski*, supra. Nor are we compelled to apply § 4343 retrospectively. Precedents, even those most sympathetic to appellant's case, direct us otherwise.

In this regard, a brief survey of the development of the law respecting filiation actions is instructive.

Until the 1963 amendment to the Civil Procedural Support Law, 62 P.S. § 2043.31, *et seq*, the only avenues of relief for determination of paternity and support questions relating to out of wedlock children were through criminal actions for fornication and bastardy, 18 P.S. § 4506, or wilful neglect to support an illegitimate child, 18 P.S. § 4732. Because this court held, in *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968), that the civil statute in no way affected a putative father's absolute right to a (criminal) jury trial where paternity was contested, enforcement of the act was possible only where a prior determination of paternity had been obtained through the criminal system within the two year limitation period of the criminal statute. Once the two years had elapsed without a ruling on the criminal side as to the paternity issue, the civil right to support was obliterated. *Id.*

In 1978, the criminal statutes affecting paternity and support were repealed, and 62 P.S. 2043.31 was passed extending the statute of limitations for commencement of such actions from two years to six years from the birth of the child, and not incidentally placing all questions relating to filiation strictly within the civil area. In 1980, the standard of proof in these cases was legislatively altered to require a preponderance of the evidence.

The motivating factor for passage of § 4343(b) is contained in the 1984 Child Support Enforcement Amendment to the Social Security Act, 42 U.S.C.A. § 666(a)(5), which mandated the institution in all states of "procedures which permit the establishment of the paternity of any child at any time prior to such child's eighteenth birthday." *Id.*

For guidance in the instant dilemma, we must look to cases concerned with the 1978 transition between the two and the six year statutes. Paramount among these is *Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982), in which this court held that a paternity suit filed after the passage of the six year statute was not barred by the expiration of the two year criminal limitations period, which had been repealed. Implicit in the *Williams* rationale is the notion, later made explicit in *Commonwealth ex rel. Pugh v. Callahan,* 312 Pa.Super. 246, 458 A.2d 607 (1983), and *Hatfield v. Hazelbaker,* 306 Pa.Super. 555, 452 A.2d 863 (1982), that the statute in force when the complaint is filed is controlling as to timeliness.

We are bound by this conclusion, as there is no persuasive theory available to justify the application of a statute of limitations effective in 1986, to an action commenced in 1980. The court in *Astemborski, supra,* declined to address the wisdom of a legislative scheme which "prevented forever [a child] from asserting a successful claim for support." *Id.* 502 Pa. at 417–18, 466 A.2d at 1022, simply because its mother neglected to protect its rights. We are in much the same position.

The legislative scheme has, however, been amended, and appellant has sought relief under the altered statute. We note in this regard that appellee has consistently, since the institution of the first petition, denied both paternity and any coterminous financial obligation to the child. Contemporaneous with appellant's institution of the second claim, however, appellee admitted both physical and financial responsibility, limiting the latter to the filing of the 1986 complaint. These issues are not before us, as no adjudication has been made below.

Order granting summary judgment is affirmed.

CIRILLO, President Judge, and WICKERSHAM, McEWEN, OLSZEWSKI, BECK and JOHNSON, JJ., join in this opinion by MONTEMURO, J.

BROSKY, J., files a concurring opinion by BROSKY, J.

KELLY, J., joins Judge BROSKY's concurring opinion and also files a concurring opinion by KELLY, J.

BROSKY, Judge, concurring:

I concur in the decision to remand this case to the Court of Common Pleas of Bucks County for further proceedings, but for other reasons. I question seriously the propriety of what I consider to be this court's *sua sponte* entertainment of a legal argument not heretofore addressed by a Pennsylvania trial court.

Our court is not possessed of original jurisdiction except in cases of mandamus and prohibition ancillary to its appellate jurisdiction and in the issuance of writs of habeas corpus. 42 Pa.C.S.A. § 741.[1] The instant matter does not fall within any of these exceptions. Accordingly, as I see it, we are without jurisdiction presently to hear the issue presented in this case which was not ruled upon in the first instance by a trial court.

The General Assembly of this Commonwealth, pursuant to Article 5, Section 3 of the Pennsylvania Constitution, has clothed us with "exclusive *appellate jurisdiction* of all appeals *from final orders of the courts of common pleas* ... except such classes of appeals as are ... within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." 42 Pa.C.S.A. § 742. (emphasis added). We are further empowered to "affirm, modify, vacate, set aside or reverse any order brought before *[us] for review.*" 42 Pa.C.S.A. § 706. (emphasis added). In doing so, we may remand and direct the entry of an appropriate order or require further proceedings. *Id.*

---

1. Section number references to Title 42 Pa.C.S.A. are to the Judicial Code, 42 Pa.C.S.A. §§ 101 *et seq.*

Thus, we are a court without plenary or extraordinary jurisdiction, this power having been bestowed by the Pennsylvania Legislature, in its wisdom, upon our Supreme Court. *See* 42 Pa.C.S.A. § 726. Similarly, since we have no powers beyond that granted to us by the Legislature, we cannot, accordingly, enlarge our jurisdiction. *See Toll v. Toll*, 293 Pa.Super. 549, 439 A.2d 712 (1981), *affirmed*, 498 Pa. 536, 448 A.2d 1379 (1982).

Our Rules of Appellate Procedure prescribe the complete and exclusive means by which matters come before us. (Historical Note following Pa.R.App.P. 103.) Rules 341 and 702 authorize appeals as of right from *final orders of lower courts* or administrative agencies, and Rule 902 prescribes the manner by which an appeal is taken as of right *from a lower court to an appellate court.*

The instant case is before us on remand by the United States Supreme Court because of an intervening change in the law on commencement of paternity actions since the decision of this court, *Paulussen v. Herion*, 334 Pa.Super. 585, 483 A.2d 892 (1984), affirming the bar of appellant's action on behalf of her minor child because of the lapse of the six-year statute of limitations period in effect at the time of the proceeding in the lower court [2] and the denial of review by our Supreme Court (1985).

The United States Supreme Court, on appeal, *Paulussen v. Herion*, 475 U.S. 557, 106 S.Ct. 1339, 89 L.Ed.2d 521 (1986), refused to reach appellant's constitutional claim that the statute (*see supra* note 2) violated the Equal Protection Clause of the 14th Amendment to the U.S. Constitution because of this legislative change. The pertinent language of its remand order reads as follows:

> Our examination of Pennsylvania law leaves us uncertain as to the legal consequences of the enactment of the new 18 year statute of limitations. If, however, Pennsylvania were to interpret § 4343(b) to require sup-

---

**2.** 23 Pa.C.S.A. § 6704(e). The new statute, 23 Pa.C.S.A. 4343(b), now provides for commencement of paternity actions within 18 years of birth.

port payments dating back to the filing of the original petition, the constitutionality of the 6–year statute of limitations would be irrelevant. *Because Pennsylvania should have an opportunity in the first instance to resolve this issue of state law,* and because we are reluctant to address a federal constitutional question until it is clearly necessary to do so, *we vacate the judgment below and remand for further consideration in light of the intervening change in state law.*

Id. at ——, 106 S.Ct. at 1340. (Emphasis added).

This order is a clear and unequivocal mandate to us to remand this matter directly to the Court of Common Pleas of Bucks County to determine what effect, if any, the new legislation has upon the instant case.

To reiterate, the directive from the United States Supreme Court says that "Pennsylvania should have an opportunity in the first instance to resolve this issue ..." *Id.* at ——, 106 S.Ct. at 1340. This means that the judicial process of determining conflicts or issues should be followed. That begins with the trial court. Then, from a final order of that court, comes the review by the appellate court. By assuming jurisdiction, our court is being deprived of the wisdom of counsel and the trial judge who, in the first instance, should rule on the issue involved.

Indeed, entertainment of issues *sua sponte* by this court has found disfavor with our Supreme Court. In *Wiegand v. Wiegand (Wiegand I)*, 226 Pa.Super. 278, 310 A.2d 426 (1973), this court addressed *sua sponte* the constitutionality of Sections 11 and 46 of the then Divorce Law, 23 P.S. §§ 11 and 46, which allowed women, but not men, to obtain divorces from bed and board, reasonable alimony *pendente lite,* counsel fees and costs, in light of the adoption of Article I, § 27 (the Equal Rights Amendment) to the Pennsylvania Constitution. We never considered the issues properly preserved for appeal, which were whether the trial court had erred in refusing husband's counsel's request to cross-examine the wife concerning disposition of her own estate and whether the trial court abused its discretion in awarding counsel fees of $5000.

The Supreme Court granted review, 461 Pa. 482, 337 A.2d 256 (1975). Justice Roberts, writing for a unanimous Court, clearly outlined the function of this court:

> The Superior Court by sua sponte deciding the constitutional issue exceeded its proper appellate function of deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decisionmaking. Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy.

$\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$

*Id.*, 461 Pa. at 485, 337 A.2d at 257.

> Because the constitutionality of these provisions was never questioned by the parties either in the trial court or in their briefs in the Superior Court, we conclude that this issue was not properly before that court. We therefore reverse and remand to the Superior Court for consideration of the issues properly presented by the parties.

$\cdot$ $\cdot$ $\cdot$ $\cdot$ $\cdot$

*Id.*, 461 Pa. at 483–84, 337 A.2d at 257.

> It must therefore be concluded that the Superior Court should not have considered an unpresented issue, but instead resolved the appeal on the basis of the issues raised by the parties.

> The order of the Superior Court is reversed and the cause remanded to the Superior Court for consideration of the issues raised at trial and properly preserved for appellate review.

*Id.*, 461 Pa. at 485, 337 A.2d at 257–58.

On remand, (*Wiegand II*), 242 Pa.Super. 170, 363 A.2d 1215 (1976), this Court, in properly addressing the issue of whether the trial court had erred in disallowing cross-examination of the wife regarding the disposition of her own estate, reversed on the basis of Judge Watkins' dissent in *Wiegand I, supra.*

Therefore, as I see it, the posture which we erroneously adopted in *Wiegand I* is no different from the position the majority has taken in the instant case.

Pennsylvania Rule of Appellate Procedure 2573 provides for direct remand from our appellate courts to the trial court specified in the order of remand if, as is the case with the majority's disposition here, a direction for further proceedings in the lower court is included in the order.

When an intervening change in a law relevant to the disposition of a matter on review before the U.S. Supreme Court occurs, the practice of that High Court, as provided for in § 2106 of the Judicial Code of the United States, 28 U.S.C.S. §§ 1 *et seq.* (Law.Coop.1977), is to remand the cause for appropriate action in deference to state courts on questions of state law. *Bell v. Maryland,* 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964); *see also Watts v. Seward School Bd.,* 381 U.S. 126, 85 S.Ct. 1321, 14 L.Ed.2d 261 (1965); *Missouri ex rel. Wabash R.R. v. Public Service Comm'n,* 273 U.S. 126, 47 S.Ct. 311, 71 L.Ed. 575 (1927).

I take issue with the majority's observation that we face a dilemma instantly. The issue concerning the effect of the new statute, 23 Pa.C.S.A. § 4343(b), upon the proceeding at bar is not before us, nor can it be in light of the language of the mandate of the U.S. Supreme Court vacating the judgment, *supra* 475 U.S. at ——, 106 S.Ct. at 1340, and our consequent lack of jurisdiction to hear a matter not yet ruled upon by any lower tribunal of this Commonwealth. Our determination of the retrospective effect of the new statute is tantamount to the rendition of an advisory opinion. This would be presumptive of the lower court's determination upon remand. *Cf. Mt. Lebanon v. County Bd. of Elections,* 470 Pa. 317, 368 A.2d 648 (1977) (a court cannot rule on constitutionality of legislation not yet adopted by the electorate); *Pennsylvania R.R. v. Pub. Util. Co.,* 187 Pa.Super. 590, 146 A.2d 352 (1958).

I perceive no basis for us to become embroiled in a legal debate weighing the potential effects of 23 Pa.C.S.A. § 4343(b) at the present time. I agree with the result insofar as remand of the matter to the Court of Common Pleas of Bucks County is proper. However, in light of my

foregoing exposition, I believe that the lower court should be directed to proceed consistent with the mandate issued by the U.S. Supreme Court, *supra.*

KELLY, J., joins in this concurring opinion.

KELLY, Judge, concurring:

I join Judge Brosky's concurring opinion. I heartily agree that this Court is not possessed of original jurisdiction to decide either the constitutionality of 42 Pa.C.S.A. Section 6704(e) or the retroactivity of 23 Pa.C.S.A. Section 4343(b). The trial court is the proper forum for the parties to address their arguments, and for the initial decision of law to be issued.

I write separately to note my concern that a child's fundamental interest in obtaining a paternity determination, and financial support from both parents, should not be forever foreclosed because of a mother's failure to seek a paternity determination within the applicable statute of limitations.

... [I]mposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing.

*Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972).

The preceding statute, 42 Pa.C.S.A. § 6704, provided that in a suit to determine paternity, the moving party may be any person "to whom a duty of support is owing, or ... on behalf of a minor child, ... without appointment of a guardian ad litem ..." 42 Pa.C.S.A. § 6704, repealed 1985, Oct. 30, P.L. 264 No. 66 § 3. Thus, an illegitimate child, as one to whom a duty of support may be owing, had the right to bring suit on his or her own behalf, within six years of birth. However, few, if any, children of such tender years were in the position to bring suit on their own behalf by age six; consequently, their right to a determination of paternity and to support was dependent on the ability of the custodial parent to institute suit. I note that such a dependency often operated to leave a child without any effective

opportunity to exercise his or her legal rights.[1]  Accordingly, the law operated to impose a disability on the child without regard to responsibility or wrongdoing.  *Weber, supra.*

The child in this case may be denied years of paternal support due to her inability to bring suit on her own behalf by age six.  Cases in this jurisdiction have so far failed to address the issue of the child's interest in bringing suit, as distinguished from the mother's interest.  The child's needs and rights must be viewed as separate from the mother's, as there are numerous financial, social and emotional problems which "may inhibit a mother from filing a paternity suit on behalf of the child ..."  *Pickett v. Brown,* 462 U.S. 1, 13, 103 S.Ct. 2199, 2206, 76 L.Ed.2d 372, 382 (1983).

Therefore, I remain concerned that even if the issues we send to the trial court for argument, consideration and disposition are decided in appellant's favor, the vital issue of the illegitimate child's individual right to seek paternity determination and support has been heretofore ignored.

1.  Recently, a Michigan Court has held a statute which denied a child the right to commence an action was in violation of the Equal Protection Clauses of both the U.S. and Michigan Constitutions.  *Spada v. Pauley,* 149 Mich.App. 196, 385 N.W.2d 746 (1986).  While Pennsylvania has allowed a child a right to commence suit, it nonetheless operated, in a practical sense, to deny the child effective exercise of that right, by reason of its six year statute of limitations.