544 A.2d 1022

**Revella BOWSER, Appellee,**

**v.**

**Theodore ZACHARY, Appellant.**

Superior Court of Pennsylvania.

Argued April 27, 1988.

Filed July 25, 1988.

Malvin L. Skaroff, Philadelphia, for appellant.

Fern L. Kletter, Assistant District Attorney, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

CAVANAUGH, Judge:

The issue in this case is whether the eighteen year statute of limitations under 23 Pa.C.S. § 4343(b) applies to a support action involving a child born out of wedlock on August 14, 1974 when the petition is filed after the effective date of the new statute of limitations. 23 Pa.C.S. § 4343(b) provides in part:

(b) *Limitations of actions.*—An action or proceeding under this chapter to establish the paternity of a child born out of wedlock must be commenced within 18 years of the date of birth of the child.

The Act of October 30, 1985, P.L. 264, No. 66, § 1, containing the above statute of limitations, repealed the statute of limitations established under 42 Pa.C.S. § 6704(e) and provided for an expanded limitation. The eighteen year statute became effective on January 28, 1986. The six year statute of limitations found in 42 Pa.C.S. § 6704(e) provided:

(e) *Limitations of actions.*—All actions to establish the paternity of a child born out of wedlock brought

under this section must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgement by the reputed father.

Ravella Bowser gave birth to a son, Ortelin Bowser, who was born out of wedlock on August 14, 1974. The statute of limitations in effect when Ortelin was born was the six year statute under 42 Pa.C.S. § 6704(e). This statute has recently been declared unconstitutional as violative of the equal protection clause of the United States Constitution. *Clark v. Jeter,* — U.S. —, 108 S.Ct. 1910, 100 L.Ed.2d 465, (United States Supreme Court, Opinion filed June 6, 1988) reversing *Clark v. Jeter,* 358 Pa.Super. 550, 518 A.2d 276 (1986).

On August 1, 1986 Ortelin's mother commenced an action in support against Theodore Zachary alleging that he was the child's father and failed to support his child. Mr. Zachary filed an answer to the complaint contending that he was not the father of the child and he had never supported the child. He also raised the defense of statute of limitations under new matter.

On July 7, 1987 the court below through Zaleski, J. denied the defendant's motion for judgment on the pleadings based on the defense of the statute of limitations and held that the eighteen year statute of limitations was applicable. The court also held a paternity hearing on October 22, 1987 and found the defendant to be Ortelin's father. A support order was entered. The defendant appealed to this court.

The sole issue on appeal is whether the eighteen year statute of limitations applies in this case where the child was born prior to the effective date of the statute and the action was commenced subsequent to the effective date. The court below held that the statute of limitations applicable to the complaint for support was the eighteen year statute of limitations found in 42 Pa.C.S. § 6704(e) as that statute of limitations was in effect on August 1, 1986 when

the present action was commenced. The court relied on *Paulussen v. Herion,* 359 Pa.Super. 520, 524, 519 A.2d 473, 475 (1986), allocatur denied 515 Pa. 614, 530 A.2d 868 (1987) which held that: "[t]hat the statute in force when the complaint is filed is controlling as to timeliness." [1] See also *Hatfield v. Hazelbaker,* 306 Pa.Super. 555, 452 A.2d 863 (1982) and *Commonwealth ex rel. Pugh v. Callahan,* 312 Pa.Super. 246, 458 A.2d 607 (1983). In *Paulussen, supra,* a child was born out of wedlock on March 5, 1972 and a petition in paternity and support was filed on February 17, 1980. The hearing court granted summary judgment in favor of the alleged father on the basis of the defense of the six year statute of limitations and we affirmed applying the statute of limitations in effect when the action was brought.

The United States Supreme Court in *Clark v. Jeter, supra,* held that our former six year statute of limitations was unconstitutional as violative of the equal protection of the law clause of the United States Constitution. The court noted that it has developed a particular framework for evaluating equal protection challenges to statutes of limitation applicable to actions to establish paternity which limit the ability of children born out of wedlock to obtain support. To meet the heightened scrutiny under the equal protection clause (1) the time period for obtaining support must be sufficiently long to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf and (2) any time limitations placed on that opportunity must be substantially related to the state's interest in avoiding the litigation of stale or fraudulent claims. The Supreme Court opined that it is not entirely evident the six year limitation is a necessarily unreasonable

---

**1.** *Paulussen v. Herion, supra,* is subject to the criticism that it determined the statute of limitations in effect when an action is commenced is controlling, rather than when the cause of action arose. However, it is a decision of our court *en banc* which we must follow. The issue of the constitutionality of the six year statute was not discussed in *Paulussen* as our Supreme Court had already determined it to be constitutional in *Astemborski v. Susmarski,* 502 Pa. 409, 466 A.2d 1018 (1983).

limit for providing an opportunity to assert a claim on behalf of an illegitimate child. However, the court held that the six year statute is not substantially related to Pennsylvania's interest in avoiding the litigation of stale or fraudulent claims to pass constitutional muster. The court noted various Pennsylvania statutes including our statute that tolls the statute of limitations for personal injuries during minority as found in 42 Pa.C.S. § 5533(b).

While the Supreme Court held that our six year statute of limitations was unconstitutional, it declined to reach the issue of whether the eighteen year statute of limitations was to be applied retroactively. Nevertheless, it did rule that the six year statute of limitations was unconstitutional and if the eighteen year statute of limitations were not to be applied retroactively, we would have no statute of limitations in place for cases formerly covered by the six year statute. The holding in *Paulussen, supra,* that the statute of limitations in effect at the time the complaint is filed is controlling, necessarily gives retroactive application to the eighteen year statute if the child involved is born prior to the effective date of 23 Pa.C.S. § 4343(b).

Applying the holding of *Paulussen, supra,* to the facts before us, the petition filed on August 1, 1986 was timely filed under 23 Pa.C.S. § 4343(b) which is the applicable statute of limitations in the instant paternity action as it is the statute in effect at the time of filing the petition.

Our decision also finds support in the case of *Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982) where we held that a civil action for support of a child born out of wedlock was not barred by the running of a two year *criminal statute of limitations* when paternity was denied. The criminal statute relating to paternity was repealed and the six year statute of limitations for civil support proceedings replaced it under 42 Pa.C.S. § 6701 et seq. We held that the repeal of the criminal statute of limitations did not extinguish the civil right to support, but only the ancillary criminal enforcement remedy and that an action commenced after the effective date of 42 Pa.C.S.A. § 6701 et seq., is not barred by the running of the two year criminal statute of

limitations under 18 Pa.C.S.A. § 4323(b), which was repealed in 1978. See also *Commonwealth ex rel. Johnson v. King*, 297 Pa.Super. 431, 444 A.2d 108 (1982) which relief on *Williams v. Wolfe, supra.*

Order affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I concur in the majority's decision to affirm the order of the trial court. To reach this result, however, it is necessary only to determine that the instant action is not barred by any statute of limitations. The six-year statute of limitations contained in 42 Pa.C.S. § 6704(e) is not a bar because it has been declared unconstitutional by the United States Supreme Court in *Clark v. Jeter*, — U.S. —, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988). Because appellee's action was not barred by any other statute of limitations, the order of the trial court awarding support to a child born out of wedlock on August 14, 1974 was proper and must be affirmed. Under these circumstances, I find it unnecessary to explore the applicability of 23 Pa.C.S. § 4343(b) to paternity actions relating to children born prior to enactment of the statute. Even if it were applicable to the claim in this case, it would not be a bar thereto, for the action was filed prior to the child's eighteenth birthday.