## Brown v. Woodhead

*Dudley Anderson,* for plaintiff.
*Dennis J. Yonkin,* for defendant.

BROWN, *J.,* April 11, 1991—Presently before the court is respondent's motion to dismiss an action to establish paternity filed by petitioner on November 9, 1990. Respondent contends that the action is barred by res judicata, as a prior action was dismissed on April 18, 1978 because the applicable statute of limitations had expired. Petitioner asserts her right to bring the action under 23 Pa.C.S. §4343(b)(2), which provides as follows: "(2) As of August 16, 1984, the requirement of paragraph (b)(1) shall also apply to any child for whom paternity has not yet been established and any child for whom a paternity action was brought but dismissed because of a prior statute of limitations of less than 18 years." While acknowledging that this section provides for retroactivity of the 18-year statute of limitations to August 16, 1984, respondent contends that since the prior action in this case was dismissed prior to August 16, 1984, on April 18, 1978, the 18-year statute cannot be applied to revive the action. In support of this argument, respondent cites *Paulussen v. Herion,* 359 Pa. Super. 520, 519 A.2d 473 (1986).

In *Paulussen,* the court held that the 18-year statute could not be applied to an action *filed* before the effective date of the statute; the statute then provided only for the 18-year limitations period but did not speak to retroactivity. (The provision referring to August 16, 1984 was not added until October 30, 1989.) The court thus relied on the principle that the statute in force when the complaint is filed is controlling as to timeliness. Since the complaint

there was filed prior to the effective date of the 18-year statute, the court held that the prior six-year statute controlled. It did *not* hold that revival was prohibited because a prior action had been dismissed before the effective date of the new statute; indeed, there was no prior action. Thus, respondent's position is not supported by *Paulussen*; nor do we believe it to be the proper interpretation of section 4343(b)(2).

As stated in *Paulussen,* the motivating factor for passage of section 4343(b) was the 1984 Child Support Enforcement Amendment to the Social Security Act, 42 U.S.C. §666(a)(5), which mandated the institution in all states of "procedures which permit the establishment of the paternity of *any* child at *any* time prior to such child's 18th birthday." *Id.* (emphasis supplied) Consistent with this mandate, we believe that "as of August 16, 1984" refers to the date of the filing of a complaint, *not* to the date of the dismissal of a prior action. There is no logical reason for the latter interpretation but, as respondent pointed out in his brief, the August 16, 1984 date corresponds with the passage of the federal provision which mandated the 18-year limitations provision and thus would be a logical effective date for applying the new state statute.

Accordingly, the complaint in the instant case having been filed on November 9, 1990, and the statute in effect at that time (23 Pa.C.S. §4343(b)(2)) thus controlling, the action is *not* barred by res judicata.

ORDER

And now, April 11, 1991, the motion to dismiss is hereby denied.