## Black v. Driscoll

*Thomas S. Kubinski,* for plaintiff.
*Thomas S. Talarico,* for defendant.

JIULIANTE, *J.,* January 10, 1991 — In 1983 plaintiff filed an action for the support of one minor child who was born February 22, 1975.

On or about March 8, 1984, and pursuant to defendant's motion, plaintiff's complaint was dismissed for failure to comply with the statute of limitations contained in 42 Pa.C.S. §6704(e), which indicated that all actions to establish paternity of a child born out of wedlock must be commenced within six years of the birth of the child.

On October 30, 1985, the legislature of the Commonwealth of Pennsylvania repealed the statute of

and provided for an expanded limitations period in paternity actions of 18 years.

In 1988, in the case of *Clark v. Jeter,* ___ U.S. ___, 108 S.Ct. 1910, 100 L.Ed. 2d 465 (1988), the United States Supreme Court found the six-year statute of limitations in Pennsylvania unconstitutional.

On or about April 27, 1990, plaintiff filed the instant complaint for support against Leroy Driscoll, the same defendant in the previous action. Defendant has raised in his answer and new matter the defense of res judicata and has filed a motion to dismiss plaintiff's complaint. Blood tests have been stayed pending determination of defendant's motion to dismiss.

The sole issue is whether plaintiff is barred from refiling this support action in light of the previous dismissal. Plaintiff argues that dismissal of the instant action would produce an unfair result and would be contrary to legislative intent.

Both plaintiff and defendant rely on the same cases in support of their respective positions. Inasmuch as this appears to be a case of first impression, we must engage in a comprehensive review of the cases available which have construed the applicable statutes.

The first case cited is *Paulussen v. Herion,* 334 Pa. Super. 585, 519 A.2d 473 (1986). In *Paulussen,* plaintiff filed a petition for paternity and support to which the defendant raised the six-year statute of limitations as an affirmative defense and moved for summary judgment. Summary judgment was granted in favor of the defendant and plaintiff challenged the constitutionality of the statute on appeal. On October 30, 1985, and while the challenge to Pennsylvania's six-year statute of limitations was pending before the United States Supreme Court, the Pennsylvania legislature repealed the six-year

statute of limitations and, under 23 Pa.C.S. §4343(b), extended it to 18 years. In light of this development the Supreme Court remanded the case to the Superior Court, which affirmed the decision of the trial court once again. Defendant states that the court was unimpressed by the passage of 23 Pa.C.S. §4343, as it held:

"[T]he statute in force when the complaint is filed is controlling as to timeliness." *Paulussen, supra.*

However, we note that a distinguishing factor between *Paulussen* and the case at hand is that at the time of the *Paulussen* decision, the court was unaware of the decision in *Clark v. Jeter, supra,* which held that Pennsylvania's six-year statute of limitations was unconstitutional. It is unknown whether *Paulussen* would have been decided differently had the court been aware of the *Clark* decision.

Next, in *Bowser v. Zachary,* 375 Pa. Super. 481, 544 A.2d 1022 (1988), the Superior Court held that a paternity action filed for a child who was born during the time that the six-year statute of limitations was in force but whose initial petition was filed after the effective date of the new 18-year statute of limitations, was entitled to the benefit of the 18-year statute of limitations. It, therefore, denied the defendant's motion for summary judgment based on the affirmative defense of the six-year statute of limitations. In reliance on *Bowser,* defendant argues that the statute of limitations in effect at the time this plaintiff filed her initial complaint in 1983 must control the disposition of this case.

Finally, in *Nichols v. Horn,* 363 Pa. Super. 301, 525 A.2d 1242 (1987), the plaintiff instituted an action for support in September 1985, only one month prior to the enactment of the 18-year statute of limitations under 23 Pa.C.S. §4343. As in *Paulus-*

*sen, supra,* the defendant raised the statute of limitations as an affirmative defense. In January 1986, the plaintiff moved for a discontinuance of the support action so that she might reinstitute the action under the new 18-year statute of limitations. While the motion was granted at the trial level, on appeal the Superior Court reversed. Reiterating the sentiments of *Paulussen, supra,* the court held:

"[I]f the action would have been barred under the old statute of limitations (six years), new life cannot breathed into the barred action retroactively, by enactment of a new longer statute of limitations (18 years). Thus, in this action, the matter was barred by the six-year statute of limitations and discontinuance of the present action and reinstituting the action under the 18-year statute (if ultimately approved) would be of no avail." *Nichols, supra.*

Plaintiff argues that the results of these three decisions created an obviously unfair treatment to some children seeking to have paternity established for them. A child who is born during the pendency of the six-year statute of limitations was able to take advantage of the 18-year statute if the child's initial paternity complaint was filed after the six-year statute was found unconstitutional. The child was then able to use the 18-year statute. But if the child's paternity petition was filed prior to the decision finding the six-year statute unconstitutional, and the charge was dismissed at that stage, the child was unable to take advantage of the 18-year statute of limitations by refiling his complaint.

As the issue sub judice remains unresolved by these cases, we must look to the statute, 23 Pa.C.S. §4343, for guidance.

Pennsylvania's 18-year statute of limitations was adopted on October 30, 1985. It was inspired by the 1984 Child Support Enforcement Amendment to the

Social Security Act, 42 U.S.C. §666(a)(5), which required all states to institute procedures to establish paternity for children at any time prior to a child's 18th birthday.

Responding to the confusion engendered by a plethora of cases which were filed and dismissed under shorter state statute of limitations, then refiled under the procedures instituted by several states to comply with the above act, Congress clarified the act and its application on October 13, 1988. The amendment reads:

"As of August 16, 1984, the requirement of clause (i) shall also apply to any child for whom paternity has not yet been established and any child for whom a paternity action was brought but dismissed because of a statute of limitations of less than 18 years was in effect in the state." 42 U.S.C. §666(a)(5)(A)(ii).

Shortly after Congress acted, the Pennsylvania Senate submitted a proposed amendment to 23 Pa.C.S. §4343 which provided for unlimited retroactive application of the new 18-year statute of limitations. The proposed amendment read as follows:

"(b) *Limitation of Actions* — An action or proceeding under this chapter to establish the paternity of a child born out of wedlock must be commenced within 18 years of the date of birth of the child. *Any action dismissed on the basis of previous limitations may be reintroduced.*" S.B. 885, The General Assembly of Pennsylvania, Session of 1989. (The proposed amendment is emphasized.)

On June 5, 1989, the Pennsylvania House of Representatives submitted its own proposed amendment to the 18-year statute of limitations which tracked the language of the federal amendment verbatim. (CHRB 1633, the General Assembly of

Pennsylvania, Session of 1989.) While both the Senate and House versions were submitted to the judiciary, the proposal submitted by the House of Representatives was ultimately adopted on December 20, 1989 in the form of 23 Pa.C.S. §4343(b)(2). Like its federal counterpart, subsection (b)(2) of section 4343 was adopted in part to address the indiscriminate application of the 18-year statute of limitations to actions which had been filed, but dismissed, prior to the enactment of the statute and those which were filed subsequent to enactment of the statute.

On December 20, 1989, the Pennsylvania legislature amended the 18-year statute of limitations under 23 Pa.C.S. §4343, by adding subsection (b)(2). The amendment states:

"(b)(2) As of August 16, 1984, the requirement of paragraph (b)(1) shall also apply to any child for whom paternity has not yet been established and any child for whom a paternity action was brought but dismissed because of a prior statute of limitations of less than 18 years." 23 Pa.C.S. §4343(b)(2).

Plaintiff argues that the amended language, grounded in public policy considerations, was intended to apply to cases such as hers. Defendant takes the position that under subsection (b)(2) of 23 Pa.C.S. §4343, actions for support and paternity dismissed subsequent to August 16, 1984 may be refiled and reheard regardless of the statute of limitations in effect at the time the action is filed. On the other hand, actions for paternity or support dismissed prior to August 16, 1984 under Pennsylvania's old six-year statute of limitations may not be refiled or reheard subsequent to August 16, 1984.

This court cannot agree with defendant's position. A plain reading of Pa.C.S. §4343(b) illustrates that the legislature recognized the unfairness and bad

public policy of the above-cited decisions and accordingly amended the statute.

It is obvious to this court that section (b)(2) applies to this case. Plaintiff's original petition for support and paternity was denied solely because of the six-year statute of limitations. Section 4343(b) plainly states that the 18-year statute of limitations is to apply to any child for whom a paternity action was brought but dismissed because of a prior statute of limitations of less than 18 years. Therefore, we conclude that the plaintiff is entitled to refile her paternity action in this case and it should be heard without regard to any prior dismissal based on the prior statute of limitations.

The stay imposed on the blood testing is lifted. Defendant's motion to dismiss is denied.

## ORDER

And now, January 10, 1991, after argument on defendant's motion to dismiss plaintiff's complaint for support, it is hereby ordered, adjudged, and decreed that said motion is denied. The stay regarding paternity determination is lifted.